485 A.2d 485

**COMMONWEALTH of Pennsylvania**

v.

**Clarence CASTERLIN, Appellant.**

Superior Court of Pennsylvania.

Argued July 24, 1984.

Filed Dec. 5, 1984.

Joseph F. Saporito, Pittston, for appellant.

James J. Walker, Assistant District Attorney, Scranton, for Commonwealth, appellee.

Before CIRILLO, MONTEMURO and CERCONE, JJ.

CERCONE, Judge:

Appellant Clarence Casterlin appealed his summary conviction and fine of $100 plus costs by a district magistrate for a violation of 75 Pa.C.S.A. § 4903, Securing loads in vehicles. After a trial *de novo*, this conviction was affirmed. We reverse.

The pertinent section of the Vehicle Code is:

### § 4903. Securing loads in vehicles

(a) **General rule.**—No vehicle shall be driven or moved on any highway unless the vehicle is so constructed or loaded as to prevent any of its load from dropping, shifting, leaking or otherwise escaping.

(b) **Fastening load.**—Every load on a vehicle shall be fastened so as to prevent the load or covering from becoming loose, detached or in any manner a hazard to other users of the highway.

Appellant's contention is that the trial court interpreted the requirement of subsection (b) too broadly. He urges that it provides only that a load shall be fastened so as to prevent it from becoming a hazard to other users of the highway. To hold that the statute requires every load to be secured by a tarp or other covering would be a distortion of the meaning of the statute, claims appellant. We agree.

It was established by the evidence at the hearing that appellant worked for Airport Sand and Gravel. On the day he was stopped by the police officer he was hauling approximately twelve tons of wet sand in a fourteen wheel dump truck which had a weight capacity of twenty-two and one-half tons. He was taking it to a swimming pool construction area where it was to be placed under the liner of the pool. It was uncontradicted that nothing was observed falling, spilling, or blowing off the truck and that the box of the truck was enclosed except for an open top. The box was approximately half filled. The officer stated that while the material in the truck looked like chunks of concrete, he could not be sure and did not know whether it was sand, gravel or dirt.

■ The issue for our determination is whether appellant, by his hauling one-half a load of wet sand in a dump truck without a covering, was in violation of that section of the Vehicle Code, § 4903, which mandates that loads be fastened so as to prevent their coming loose resulting in a hazard to other users of the highway. In construing this section of the Vehicle Code, we are cognizant of its purpose to regulate the use of the highways, roads, streets and bridges for the protection of life or property thereon. *Maurer v. Boardman*, 336 Pa. 17, 7 A.2d 466 (1939) aff. 309 U.S. 598, 60 S.Ct. 726, 84 L.Ed. 969 (1939).

With a consideration of the plain meaning of the statute, 1 Pa.C.S.A. § 1921(b), it is not necessary, in the opinion of this Court, for every load being carried in a truck to be covered, with no regard for the existence or non-existence of a hazardous condition if it were not covered. Thus, before the operator of a vehicle may be cited for a violation of § 4903(b), it must be shown that the load he is carrying is a hazard to other users of the highway because it is not fastened. Absent this showing in the instant case, it was error to find appellant guilty of violating this section.

Judgment reversed and appellant discharged.

MONTEMURO, J., filed a dissenting opinion.

MONTEMURO, Judge, dissenting:

Because I cannot agree with the majority's interpretation of 75 Pa.C.S. § 4903, I must dissent.

Section 4903(b) states that *"[e]very* load on a vehicle *shall* be fastened" in order to prevent a hazard to other users of the highway. The "plain meaning" of the statute, as I read it, is that every vehicle carrying a load must be "fastened" in some way. Every vehicle means just that, not only vehicles carrying loads which, if not fastened, would be hazardous. The statute is clearly preventative and does not allow drivers of vehicles the option of not fastening loads which they think are not hazardous.

174

In addition, even under the majority's reading of the statute, the Commonwealth here has made the "showing" that the unfastened load was hazardous to other users of the highway. There was testimony by the police officer that if the truck hit a bump on the highway, the contents could fall out, and that the load could have been a hazard. It was undisputed, of course, that the load was not fastened. Hence there clearly was sufficient evidence to support the lower court's judgment of sentence.

For the above reasons, I would affirm.