**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Warren Allen KESSLER,**
**Jr., Appellant.**

Superior Court of Pennsylvania.

Argued Aug. 29, 2006.

Filed Nov. 28, 2006.

Harry W. Fenton, Lebanon, for appellant.

David W. Drescher, Asst. Dist. Atty., Lebanon, for Com., appellee.

BEFORE: LALLY–GREEN, TODD, and POPOVICH, JJ.

OPINION BY TODD, J.:

¶ 1 Warren Allen Kessler, Jr. appeals the November 30, 2005 judgment of sentence imposed by the Lebanon County Court of Common Pleas after he was convicted of failing to properly secure a load of logs in violation of 75 Pa.C.S.A. § 4903(c)(1), and operating a vehicle without a valid certificate of inspection in violation of 75 Pa.C.S.A. § 4703(a).[1] We affirm in part, reverse in part, and remand.

¶ 2 On August 26, 2005, at approximately 10:10 a.m., Patrolman Andrew Herberg of the South Londonderry Township Police Department stopped Kessler after the patrolman noticed that the dump truck Kessler was driving did not have or display an inspection sticker, and the load of logs Kessler was carrying, which extended beyond the length and over the height of the truck's dump bucket capacity, was secured with only two tie-downs. Although a registration exemption sticker was displayed on the outside of the truck, the sticker had expired. Kessler claims, however, to have retrieved a valid exemption sticker from his truck and shown it to Patrolman Herberg.

¶ 3 After being charged with the foregoing offenses, Kessler was convicted of the same on November 30, 2005 and sentenced to a fine of $100 for improperly securing the load of logs, and to a fine of $25 for failing to display a valid inspection sticker. This appeal followed, wherein Kessler presents two issues for our review, which we have paraphrased:

   I.  Whether the trial court erred in finding that Kessler failed to properly secure a load of logs in violation of 75 Pa.C.S.A. § 4903(c)(1)?

   II.  Whether the trial court erred in finding that Kessler failed to dis-

play a valid inspection sticker in violation of 75 Pa.C.S.A. § 4703(a).

(*See* Appellant's Brief at 3.)

¶ 4 With respect to Kessler's first argument, in which he essentially challenges the sufficiency of the evidence in support of his conviction under Section 4903(c)(1) of the Vehicle Code, we note that when presented with such a claim,

an appellate court, viewing all the evidence and reasonable inferences therefrom in the light most favorable to the Commonwealth as the verdict winner, must determine whether the evidence was sufficient to enable the fact finder to find that all of the elements of the offenses were established beyond a reasonable doubt.

*Commonwealth v. Hawkins*, 549 Pa. 352, 366, 701 A.2d 492, 499 (1997). Furthermore, "[t]he Commonwealth may sustain its burden by proving the crime's elements with evidence which is entirely circumstantial and the trier of fact, who determines credibility of witnesses and the weight to give the evidence produced, is free to believe all, part, or none of the evidence." *Commonwealth v. Brown*, 701 A.2d 252, 254 (Pa.Super.1997) (citations omitted).

¶ 5 Section 4903(c) of the Vehicle Code provides that every load of logs must be securely fastened as follows:

**(c) Load of logs.—**

   (1) Every load of logs on a vehicle shall be securely fastened with binders, chains or straps and, in the case of an open-body or stake-body vehicle, trailer or semitrailer there shall be a sufficient number of vertical metal stakes or posts securely attached on each side of the vehicle, trailer or semitrailer at least as high as the top of the load to secure

---

1. Although the Commonwealth indicates that Kessler filed post-trial motions, the record before us does not contain or otherwise reflect that any such motions were filed.

such load in the event of a failure of the binders, chains or straps.

75 Pa.C.S.A. § 4903(c). In this case, the trial court concluded that, although Kessler had secured the logs with two tie-downs, he nonetheless violated the open-body or stake-body vehicle requirements of this section by failing to have any vertical stakes or posts on each side of his dump truck as high as the top of the load of logs. Kessler argues that this requirement only applies to open- or stake-body vehicles, and does not apply to dump trucks. For the following reasons, we disagree.

¶ 6 Initially, we note that the Vehicle Code does not define open- or stake-body vehicles. While a dump truck has solid sides, and clearly is not a stake-body vehicle, we find nothing in the statute to suggest that it cannot be considered an open-body vehicle, as the bed is uncovered. More importantly, it is clear from the language of Section 4903(c)(1) that the legislature intended that vehicles like Kessler's dump truck, which have sides that may not extend as high as the top of the load, have, in such instances, vertical posts or stakes as high as the top of the load to secure the load in the event the tie-downs fail. In keeping with its purpose of protecting the public safety, *see Commonwealth v. Casterlin*, 336 Pa.Super. 170, 173, 485 A.2d 485, 487 (1984), the statute regulates the way logs are secured, not the means of transportation. In other words, the clear import of the statute is to ensure that, regardless of the type of vehicle involved, logs are properly secured in that vehicle. Exempting dump trucks from its requirements would result in the very type of risk to public safety the statute was designed to combat: logs rolling off the side of a dump truck and causing a serious or fatal accident. Accordingly, and in recognition of these public safety concerns, we find that a dump truck is an open-body vehicle under Section 4903(c)(1), and find no error in the court applying the open-body vehicle requirements of that section to the load of logs transported by Kessler in this case.

¶ 7 Based on the foregoing, pursuant to Section 4903(c)(1), Kessler was required to have stakes or posts on the sides of his truck as high as the top of the load of logs he was hauling, and his failure to do so constituted a violation of the statute. Finding ample evidence in support of Kessler's conviction under Section 4903(c)(1), we reject Kessler's sufficiency argument and affirm his judgment of sentence for this offense.

¶ 8 As to Kessler's second argument, in which he challenges the sufficiency of the evidence in support of his conviction under Section 4703(a) for operating a vehicle without a valid certificate of inspection, we note that both the Commonwealth and the trial court concede that Kessler was improperly convicted under this statute. We agree.[2] Accordingly, we vacate the court's judgment of sentence for this offense, and remand for resentencing.

¶ 9 Judgment of sentence **AFFIRMED** in part, **REVERSED** in part. Case **REMANDED** for resentencing. Jurisdiction **RELINQUISHED.**

---

2. As Kessler argues and the court noted in its opinion written pursuant to Rule 1925(a) of the Pennsylvania Rules of Appellate procedure, the Commonwealth failed to establish that Kessler was obligated to display a certificate of inspection on his dump truck as required by Section 4703(a).