619 A.2d 352

**COMMONWEALTH of Pennsylvania**

v.

**Francisco OCASIO, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 13, 1992.

Filed Jan. 19, 1993.

Peter C. Bowers, Philadelphia, for appellant.

Robin Godfrey, Asst. Dist. Atty., Philadelphia, for Com.

Before BECK, HOFFMAN and BROSKY, JJ.

HOFFMAN, Judge:

This is an appeal from judgment of sentence for possession of drug paraphernalia [1] and criminal conspiracy.[2] Appellant, Francisco Ocasio, presents the following claims: (1) the evi-

**1.** 35 P.S. § 780–113(a)(32).

**2.** 18 Pa.C.S.A. § 903.

dence was insufficient sustain his convictions; (2) the trial court was without subject matter jurisdiction to try, convict and sentence him to a felony conspiracy charge; and (3) the trial court abused its discretion by relying on improper information in assigning an offense gravity score. For the reasons set forth below, we reverse and vacate judgment of sentence.

On February 2, 1989 the Philadelphia Police Department executed a search warrant for 2128 North Second Street in Philadelphia. During the search, the officers required the five occupants of the house, including Abel Ocasio (hereinafter "co-defendant"), to remain in the living room. While the officers were searching the first floor, Officer Ralph Perez overheard co-defendant state in Spanish, "it's in the trash." Officer Perez then directed another officer to search the trash can in the kitchen. The police discovered twelve baggies containing a total of 567 vials of crack cocaine hidden in the trash can. In a third floor bedroom, the officers found a baggie containing a large chunk of crack cocaine laying out in the open and $5,882 in cash. In addition, the officers recovered from the basement a triple beam scale, one baggie containing numerous empty clear plastic vials with gray and black caps, two strainers, and one baggie containing numerous empty clear smaller packets.

The 567 vials found in the kitchen contained approximately 56.7 grams of crack cocaine and the baggie found in the third floor bedroom contained 113.2 grams of crack cocaine. The black plastic grinding apparatus recovered during the search contained residue of cocaine and the glass bottle confiscated during the search contained 5.35 grams of Tetracaine, a substance commonly used to dilute or "cut" cocaine before selling it.

Appellant returned home while the search was in progress and he was subsequently arrested. During a search of appellant, police recovered $422 in cash and a current driver's license listing his residence as 2128 North Second Street.

On February 2, 1989, appellant was charged with possession of controlled substances with intent to deliver, possession of drug paraphernalia and criminal conspiracy. On March 8,

1991, a jury convicted appellant of possession of drug paraphernalia and criminal conspiracy. Appellant was acquitted of possession of controlled substances with intent to deliver. Post-trial motions were filed and denied. On June 5, 1991, appellant was sentenced to twenty-one-months-to-five-years imprisonment for criminal conspiracy to possess with intent to deliver controlled substances. Appellant received a suspended sentence for possession of drug paraphernalia. This timely appeal followed.

Appellant first contends that the evidence produced at trial was insufficient to establish beyond a reasonable doubt that he was guilty of criminal conspiracy and possession of drug paraphernalia. For the following reasons, we agree.

The standard applied in reviewing a sufficiency claim is well-settled:

> We must determine whether, viewing all the evidence at trial, as well as all reasonable inferences to be drawn therefrom, in the light most favorable to the Commonwealth, the jury could have found that each element of the offense was proven beyond a reasonable doubt. Both direct and circumstantial evidence can be considered equally when assessing sufficiency of the evidence.

*Commonwealth v. French,* 396 Pa.Super. 436, 440, 578 A.2d 1292, 1294 (1990), *aff'd,* 531 Pa. 42, 611 A.2d 175 (1992).

Criminal conspiracy is defined in Pennsylvania's Crimes Code as follows:

> (a) *Definition of conspiracy.*—A person is guilty of conspiracy with another person or persons to commit a crime if with the intent of promoting or facilitating its commission he:
>
> (1) agrees with such other person or persons that they or one or more of them will engage in conduct which constitutes such crime or an attempt or solicitation to commit such crime; or
>
> (2) agrees to aid such other person or persons in the planning or commission of such crime or of an attempt or solicitation of such crime.

.  .  .  .  .

(e) *Overt act.*—No person may be convicted of conspiracy to commit a crime unless an overt act in pursuance of such conspiracy is alleged and proved to have been done by him or by a person with whom he conspired.

18 Pa.C.S.A. § 903.

In the instant action, the Commonwealth contends that appellant's constructive possession of the drugs coupled with the fact that the drugs were possessed with the intent to deliver and that at least one of the individuals present at the scene of the crime was involved in the distribution sufficiently establishes the elements of criminal conspiracy. We disagree. While the evidence does support an inference that the drugs were possessed with an intent to deliver [3] and that an individual other than appellant was involved in the drug distribution,[4] there is insufficient evidence to support an inference that appellant was in constructive possession of the drugs.

■ Where drugs are not found on a defendant's person, constructive possession can be established by "showing that a defendant had power of control over and intended to exercise such control of such substance." *Commonwealth v. Davis,* 331 Pa.Super. 285, 304, 480 A.2d 1035, 1045 (1984). An intent to maintain such conscious dominion may be inferentially proven by the totality of the circumstances. *Commonwealth v. Macolino,* 503 Pa. 201, 206, 469 A.2d 132, 134 (1983); *Commonwealth v. Parsons,* 391 Pa.Super. 273, 284, 570 A.2d 1328, 1334 (1990).

**3.** Officer Patrick Brosnan, a qualified expert in the use, packaging and distribution of drugs, rendered an opinion that the crack cocaine confiscated from 2128 North Second Street had been possessed with an intent to deliver. In light of the large amount of drugs and cash found and Officer Brosnan's testimony, there was sufficient evidence to establish an intent to distribute. *See Commonwealth v. Ramos,* 392 Pa.Super. 583, 573 A.2d 1027 (1990), *appeal denied,* 527 Pa. 602, 589 A.2d 692 (1990).

**4.** During the search and before appellant returned to the house, co-defendant stated to one of the other five occupants of the house "it's in the trash." From this statement, a jury could reasonably infer that an individual other than appellant hid the drugs immediately prior to the police search, demonstrating that at least one other individual was involved in the drug distribution.

Appellant was present at the scene of the crime and, as a resident, had access to the drugs in the house.[5] However, "where more than one person has equal access to where drugs are stored, *presence alone* in conjunction with such access will not prove conscious dominion over the contraband." *Davis* at 305, 480 A.2d at 1045.

Since the drugs were accessible to any resident of the house,[6] the Commonwealth must introduce evidence demonstrating either appellant's participation in the drug related activity or evidence connecting appellant to the specific room or areas where the drugs were kept. *See Commonwealth v. Macolino,* 503 Pa. 201, 469 A.2d 132 (1983) (cocaine and various items of drug paraphernalia found in room occupied by both husband and wife was sufficient to establish husband's constructive possession); *Commonwealth v. Kitchener,* 351 Pa.Super. 613, 506 A.2d 941 (1986) (evidence showing that drugs were found in a dwelling where both individuals were sole adult residents and the drugs were found in the freezer and under a living room chair, areas peculiarly in the control of the individuals, was sufficient to sustain a finding of joint constructive possession); *Commonwealth v. Keefer,* 338 Pa.Super. 184, 487 A.2d 915 (1985) (evidence directly linking defendant to room where drugs were found was sufficient to show that defendant exercised control over the room and, thus, control over the drugs found in the room); *Davis* at 306, 480 A.2d at 1046 ("[A]ppellant's actions in attempting to dispose of the small quantity of heroin, his joint control over the entire row house, and his possession of large sums of money adequately established his control and intention to control at least some of the drugs . . . .").

In the instant action, the Commonwealth has failed to introduce such evidence. The only evidence linking appellant

---

**5.** Arguably, all residents of the house had access to the crack cocaine since the drugs were found in the kitchen, a common area, and in open view in an unlocked third floor bedroom.

**6.** The Commonwealth makes no assertion nor provides any evidence to show that appellant was the sole resident of the house. Since any resident of the house would have had access to the drugs, more than one person had equal access.

to any drug related activity is the $422 cash found in his pocket at the time of his arrest. However, appellant's possession of a large sum of money in small denominations, without more, does not prove that appellant was involved in drug sales. Furthermore, there is no evidence linking appellant to any of the specific areas in the house where the drugs or the drug paraphernalia were found.

Of course, it is not required that a defendant be the individual who committed the underlying crime to find him guilty of criminal conspiracy. A showing that a defendant was part of an agreement in furtherance of the criminal activity is sufficient. Such an agreement may be proven circumstantially:

Among the circumstances which are relevant, but not sufficient by themselves, to prove a corrupt confederation are: (1) an association between alleged conspirators; (2) knowledge of the commission of the crime; (3) presence at the scene of the crime; and (4) in some situations, participation in the object of the conspiracy.

*Commonwealth v. Lamb,* 309 Pa.Super. 415, 429, 455 A.2d 678, 685 (1983).

After carefully examining all of the circumstances in the instant action, we find that the Commonwealth has established no more than a mere suspicion that appellant agreed to participate or aid in the drug distribution. As a resident of the house, appellant's presence at the scene of the crime was not out of the ordinary. In fact, he was one of six individuals present during the search. Moreover, there is no evidence that appellant even knew of the criminal activity in the house. *See Commonwealth v. Fortune,* 456 Pa. 365, 369, 318 A.2d 327, 329 (1974) (a defendant's residence at the house where contraband is found does not establish that he had knowledge of any criminal activity). Nothing connecting appellant to the drugs or the drug paraphernalia was found anywhere in the house. As stated above, the $422 in small denominations could suggest that appellant was involved in drug sales. However, this inference is not supported by any other evidence. In light of the lack of direct and circumstantial evidence connecting

appellant to any drug related activity, the evidence introduced at trial is insufficient to support appellant's conviction of criminal conspiracy.

Likewise, there is insufficient evidence to show that appellant was in possession of drug paraphernalia. The crime of possession of drug paraphernalia is defined as follows:

> The use of, or possession with intent to use, drug paraphernalia for the purpose of planting, propagating, cultivating, growing, harvesting, manufacturing, compounding, converting, producing, processing, preparing, testing, analyzing, packing, repacking, storing, containing, concealing, injecting, ingesting, inhaling or otherwise introducing into the human body a controlled substance in violation of the act.

35 P.S. § 780–113(a)(32).

As a resident of the house, appellant clearly had access to the drug paraphernalia. However, appellant's access was shared with all other residents.[7] There is no evidence connecting appellant to the drug paraphernalia found in the basement. Moreover, as we have already stated, there is not sufficient evidence to show that appellant was involved in drug related activity. Accordingly, we reverse and vacate judgment of sentence on all counts.

Judgment of sentence reversed and vacated. Jurisdiction is relinquished.

---

7. The drug paraphernalia was kept in an open box in the basement, a common area accessible to any resident.