J-S24032-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ERION BESHIRI, | : | |
| | : | |
| Appellant | : | No. 1068 MDA 2017 |

Appeal from the Judgment of Sentence June 7, 2017
in the Court of Common Pleas of Lebanon County
Criminal Division at No(s):  CP-38-CR-0001324-2015

BEFORE:  OLSON, J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                    **FILED JULY 19, 2018**

Erion Beshiri ("Beshiri") appeals from the judgment of sentence imposed following his convictions of possession of a controlled substance (heroin) and possession of drug paraphernalia.  **See** 35 P.S. § 780-113(a)(16), (32).  We affirm.

On June 18, 2015, the manager of the Holiday Inn Express in Lebanon, Pennsylvania, Joanna Vazquez ("Vazquez"), called 911 to report a male who appeared to be stumbling and falling asleep in the hotel lobby.  Vazquez identified the male as Beshiri.  Before emergency services arrived at the hotel, Beshiri left the lobby and went to his hotel room.  When paramedics and police officers ("Responders") arrived, they went to Beshiri's hotel room to perform a wellness check.  Beshiri was sharing the room with his girlfriend, Lauryn Nanni ("Nanni"), who was present at the time.  When Responders knocked on

the hotel room door, Nanni told them to wait, before she opened the door minutes later.

Responders discovered Beshiri in the bathroom preparing to take a bath. According to the Responders, Beshiri appeared to be under the influence of drugs. While paramedics responded to Beshiri, officers observed drug paraphernalia throughout the room. A search of the room resulted in the discovery of glassine bags of heroin, syringes, bottle caps, and methadone and Xanax pills. In the bathroom, officers found an orange hypodermic needle cap, a white glassine baggy, and a bottle cap to a water bottle, but no measurable amount of drugs. Beshiri admitted to using drugs in the hotel room at 7:00 a.m. that day, but he denied knowing about the presence of drugs in the room at the time Responders entered, which was around 9:30 a.m.

In February 2017, a jury found Beshiri guilty of the above-mentioned crimes.[1] The trial court sentenced Beshiri to serve concurrent probation terms of one (1) year less one (1) day for the convictions. Beshiri filed a timely Notice of Appeal and court-ordered Concise Statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b).

On appeal, Beshiri raises the following question for our review:

---

[1] Beshiri initially pled guilty. At the time of the guilty plea, Beshiri was an immigrant from Albania and, accordingly, was subject to deportation. Because Beshiri was unaware of the immigration consequences of the guilty plea, he was allowed to withdraw the plea.

> Whether the evidence presented was sufficient as a matter of law to support [Beshiri's] conviction at Count 1: Possession of a Controlled Substance – Heroin, where it was not established that [Beshiri] possessed or constructively possessed the controlled substances hidden in the hotel room[,] as [Beshiri] had neither the intent nor the power to control the controlled substances and, further, that another individual had access to and control over the hotel room and the controlled substances?

Brief for Appellant at 4 (internal citation omitted).

Beshiri argues that the evidence presented at trial was insufficient to support his possession of a controlled substance conviction. *Id.* at 10-17. Beshiri asserts that his mere presence in the hotel room where drugs were recovered is not sufficient to establish constructive possession when more than one person had equal access to the drugs. *Id.* at 13, 16. He argues that because the drugs were hidden from him, and because he was unaware of their presence in the hotel room, he could not have intended to exercise dominion and control over the drugs. *Id.* at 10, 12-13, 15-16. Beshiri claims that he did not have any drugs on his person, but Nanni had contraband in her wallet and was nervous when the Responders were in the room. *Id.* at 12-13. Beshiri avers that the Commonwealth failed to establish evidence of his participation in the drug-related activity and, as such, his conviction and sentence for possession of a controlled substance should be reversed. *Id.* at 17.[2]

---

[2] On appeal, Beshiri only challenges the sufficiency of evidence for the possession of a controlled substance conviction, and raises no claim regarding the possession of drug paraphernalia.

- 3 -

We apply the following standard of review when considering a challenge to the sufficiency of the evidence:

> The standard we apply in reviewing the sufficiency of the evidence is whether[,] viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact[,] while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Melvin*, 103 A.3d 1, 39-40 (Pa. Super. 2014) (citation omitted).

The Controlled Substance, Drug, Device and Cosmetic Act provides as follows, in relevant part:

> (a)  The following acts and the causing thereof within the Commonwealth are hereby prohibited:
>
> ***
>
> (16)  Knowingly or intentionally possessing a controlled or counterfeit substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, unless the substance was obtained directly from, or pursuant to, a valid prescription order or order of a practitioner, or except as otherwise authorized by this act.

- 4 -

35 P.S. § 780-113(a)(16).

"[I]n narcotics possession cases, the Commonwealth may meet its burden by showing actual, constructive, or joint constructive possession of the contraband." **Commonwealth v. Roberts**, 133 A.3d 759, 767 (Pa. Super. 2016) (citation omitted). "We have defined constructive possession as conscious dominion. … [C]onscious dominion [is] the power to control the contraband and the intent to exercise that control." **Id.** at 768 (citation and quotation marks omitted). "[W]here more than one person has equal access to where drugs are stored, presence alone in conjunction with such access will not prove conscious dominion over the contraband." **Commonwealth v. Ocasio**, 619 A.2d 352, 354 (Pa. Super. 1993) (citation and emphasis omitted). In such cases, "the Commonwealth must introduce evidence demonstrating either the [defendant's] participation in the drug related activity or evidence connecting [the defendant] to the specific room or areas where the drugs were kept." **Id.** at 354-55. "An intent to maintain a conscious dominion may be inferred from the totality of the circumstances, and circumstantial evidence may be used to establish a defendant's possession of drugs or contraband." **Commonwealth v. Harvard**, 64 A.3d 690, 699 (Pa. Super. 2013) (citation omitted).

At trial, the hotel manager, Vazquez, testified that on the morning of June 18, 2015, she was working the front desk of the Holiday Inn Express in Lebanon, Pennsylvania. N.T., 2/16/17, at 10. Vazquez stated that she

witnessed Beshiri falling asleep at breakfast. *Id.* Vazquez further testified that Beshiri's head "kept going down and his eyes kept closing" and that she called 911 because she was afraid "that [Beshiri] would pass out [and] fall." *Id.* at 10-11.

A responding paramedic, Jodi Etter ("Etter"), testified that syringes were openly visible in Beshiri's hotel room. *Id.* at 17. Etter testified that the room appeared to be consistent with what she had seen on other drug overdose calls. *Id.* A responding police officer, Nelson Sweigart ("Sweigart"), observed drugs and drug paraphernalia in the hotel room. *Id.* at 22-23. Sweigart testified that Beshiri admitted to spending $1,000 on drugs the night of June 17, 2015. *Id.* at 24-25. Sweigart also testified that Beshiri was "very slow in his movements" and was "nodding off." *Id.* at 26. Another responding police officer, Randall Morgan, Jr. ("Morgan"), testified that three glassine baggies containing heroin were found in the hotel room. *Id.* at 33. Morgan stated that he observed paraphernalia consistent with heroin use throughout the room. *Id.* at 31-32. Morgan also noted that Beshiri's actions were indicative of someone under the influence of heroin. *Id.* at 38.

Beshiri testified that he gave Nanni $200 and that Nanni bought drugs on June 17, 2015. *Id.* at 53-54. He further testified that he used heroin in the hotel room both on the night of June 17, 2015, and at 7:00 a.m. on June 18, 2015. *Id.* at 52-54. Beshiri stated that his drug of choice was heroin and that he could not have used any more drugs on June 18, 2015, in fear of an

overdose. *Id.* at 64-65, 70, 71. Beshiri maintained that he was unaware of the presence of any drugs in the hotel room. *Id.* at 56, 71.

Viewing the totality of the evidence in a light most favorable to the Commonwealth, Beshiri constructively possessed the heroin that was found in the hotel room. *See Commonwealth v. Carroll*, 507 A.2d 819, 821 (Pa. 1986) (holding that defendant constructively possessed a controlled substance where officers found drugs and paraphernalia hidden throughout husband and wife's shared motel room). While Beshiri testified that he was unaware of any drugs in the room, the jury was free to reject this testimony. *See Commonwealth v. Cruz*, 919 A.2d 279, 281-82 (Pa. Super. 2007) (stating that "[t]he finder of fact is the exclusive judge of the weight of the evidence[,] as the fact finder is free to believe all, part, or none of the evidence presented and determines the credibility of the witnesses.") (citations omitted). Thus, the evidence was sufficient to convict Beshiri of possession of a controlled substance.

Judgment of sentence affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/19/2018