J-S19013-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                       :                 PENNSYLVANIA
                       :
               v.                :
                       :
                       :
ERNEST REID                 :
                       :
           Appellant       :     No. 2979 EDA 2018

Appeal from the Judgment of Sentence Entered September 7, 2018
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0003631-2017

BEFORE:   LAZARUS, J., KUNSELMAN, J., and STRASSBURGER*, J.

MEMORANDUM BY LAZARUS, J.:           **FILED APRIL 24, 2019**

      Ernest Reid appeals from the judgment of sentence, entered in the Court of Common Pleas of Delaware County, after a jury convicted him of possession of a controlled substance by an inmate.[1] Counsel has petitioned this Court to withdraw from his representation of Reid pursuant to *Anders* and *Santiago*.[2] Upon review, we affirm Reid's judgment of sentence and grant counsel's petition to withdraw.

      After Corrections Officer Sergeant Saleem Jones received a tip that Reid was selling contraband at Delaware County Prison, he went with another officer to Reid's cell. As the officers approached Reid's cell, Sergeant Jones

_____

[1] 18 Pa.C.S.A. § 5123(a.2).

[2] *Anders v. California*, 386 U.S. 738 (1967) and *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009).

_____

\*   Retired Senior Judge assigned to the Superior Court.

observed something in Reid's hand, which Reid unsuccessfully attempted to throw into his mouth upon seeing the officers' approach. Sergeant Jones and the other officer grabbed Reid, at which time Reid discarded the object in his hand onto the bed. Officers recovered the object, which turned out to be a tissue with tobacco and one pill wrapped inside. Two additional pills were recovered on the floor of Reid's cell. All three pills were subsequently determined to contain oxycodone.

A jury found Reid guilty of the above offense on June 27, 2018 and, on September 7, 2018, the trial court sentenced him to a term of 40 to 100 months' incarceration. Reid filed a timely notice of appeal and counsel filed a statement of intent to file an **Anders** brief pursuant to Pa.R.A.P. 1925(c)(4).

Reid raises the following issue for our review:

Did the trial court err in granting the objection made by the Commonwealth to the questioning by defense counsel regarding the results of urinalysis tests performed on Mr. Reid and his cellmates following the raid of his cell?

**Anders** Brief, at 3.

Prior to reviewing Reid's claim, we must determine if counsel has complied with the procedural requirements for withdrawal. In order to withdraw pursuant to **Anders**, counsel must: (1) petition the Court for leave to withdraw, certifying that after a thorough review of the record, counsel has concluded the issues to be raised are wholly frivolous; (2) file a brief referring to anything in the record that might arguably support an appeal; and (3) furnish a copy of the brief to the appellant and advise him of his right to obtain

new counsel or file a *pro se* brief raising any additional points that the appellant deems worthy of review. ***Commonwealth v. Hernandez***, 783 A.2d 784, 786 (Pa. Super. 2001). In ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009), the Pennsylvania Supreme Court held that, in order to withdraw under ***Anders***, counsel must also state his reasons for concluding his client's appeal is frivolous.

Instantly, counsel's petition states that he has made an examination of the record and concluded the appeal is wholly frivolous. Counsel indicates that he supplied Reid with a copy of the ***Anders*** brief and a letter explaining his right to proceed *pro se*, or with privately-retained counsel, and to raise any other issues he believes might have merit.[3] Counsel has also submitted a brief, setting out a single issue of arguable merit and, pursuant to the dictates of ***Santiago***, explains why he believes the appeal to be frivolous. Thus, counsel has substantially complied with the requirements for withdrawal.

Counsel having satisfied the above requirements, this Court must conduct its own review of the proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous. ***Commonwealth v. Wright***, 846 A.2d 730, 736 (Pa. Super. 2004).

---

[3] Reid has not submitted any additional or supplemental filings to this Court.

At trial, defense counsel, Dawn Sutphin, Esquire, questioned Sergeant Jones regarding a statement made by Reid's cellmate, John Wallace, that Wallace had given ten pills to Reid. The following exchange occurred:

Q: So Sergeant Jones, Mr. Wallace admits to having at some point, had these pills, but he denies responsibility for any contraband that morning. Is that correct?

A: Correct.

Q: All right. And all three inmates had urinalysis tests done. Is that correct?

A: They should have.

Q: And did any of those test results come back positive?

A: I'm not sure.

Q: Is that not something that you would have been aware of as a sergeant?

A: I wouldn't be following up on that, yes.

Q: Okay. Well, what's the protocol for when a urinalysis comes back showing positive for drugs?

A: It comes --

MR. MCNABB: Objection, relevance?

MS. SUTPHIN: Your Honor --

THE COURT: Okay. I want to see you at sidebar.

N.T. Trial, 6/26/18, at 162.

At sidebar, the following exchange took place amongst counsel and the trial court:

THE COURT: He's not charged with using drugs, he's charged with possession.

MS. SUTPHIN: I know he is. If Mr.—if we're to believe Wallace's statement that he gave them to Reid, then we would also have to believe his statement that it was personal use. And we'd also have to assume that since he gave him ten pills and they only found three, that he had used some of them and they would be in his system.

MR. MCNABB: Well, first of all, we don't have to believe his statement. She wanted to use it, I let her use it. We don't necessarily have to believe it. It could be a total crock.

MS. SUTPHIN: Well, that's true.

THE COURT: Right.

MR. MCNABB: But also, I mean, just because they used it, you don't know when they used it. . . . That doesn't mean they possessed it in the prison, out of the prison, a week before, two weeks before. . . . But also, I mean, just because they used it, you don't know when they used it. . . . That doesn't mean they possessed it in the prison, out of the prison, a week before, two weeks before. . . . I don't see the relevance.

*Id.* at 163-64. The court then sustained the Commonwealth's objection.

The scope of cross-examination is a matter within the discretion of the trial court and will not be reversed absent an abuse of that discretion. ***Commonwealth v. Dowling***, 778 A.2d 683, 687 (Pa. Super. 2001). In exercising this discretion, a trial court may properly preclude cross-examination on collateral matters that are unrelated to the issues at trial. ***Id.***

Additionally, the threshold for admissibility of evidence is relevance. ***Commonwealth v. Tyson***, 119 A.3d 353, 358 (Pa. Super. 2015). Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence and the fact is of consequence in determining the action. Pa.R.E. 401.

Here, Reid could have been convicted based solely on his possession of the single pill contained in the napkin. Pursuant to the relevant statute,

> [a] prisoner or inmate commits a felony of the second degree if he unlawfully has in his possession or under his control <u>any controlled substance</u> in violation of section 13(a)(16) of [t]he Controlled Substance, Drug, Device and Cosmetic Act. <u>For purposes of this subsection, no amount shall be deemed *de minimis*</u>.

18 Pa.C.S.A. § 5123(a.2) (emphasis added).

Evidence regarding the results of any urinalysis performed on Reid and his cellmates was irrelevant to whether he possessed the pill contained in the napkin. Even if Reid's urinalysis had been clean and his cellmates had been found to have ingested oxycodone, Reid could still have been convicted of possessing the pill based solely upon the testimony of the corrections officers who witnessed him holding something in his hand, attempting to swallow it, and then discarding it onto the bed.

Second, the totality of the evidence presented by the Commonwealth was sufficient to establish that Reid constructively possessed the two pills found on the floor of his cell.

> Constructive possession is a legal fiction, a pragmatic construct to deal with the realities of criminal law enforcement. Constructive possession is an inference arising from a set of facts that possession of the contraband was more likely than not. We have defined constructive possession as conscious dominion. We subsequently defined conscious dominion as the power to control the contraband and the intent to exercise that control. To aid application, we have held that constructive possession may be established by the totality of the circumstances.

*Commonwealth v. Parker*, 847 A.2d 745, 750 (Pa. Super. 2004) (citation and internal quotation marks omitted). To prove constructive possession where more than one person has access to the contraband, "the Commonwealth must introduce evidence demonstrating either [the defendant's] participation in the drug[-]related activity or evidence connecting [the defendant] to the specific room or areas where the drugs were kept." *Commonwealth v. Vargas*, 108 A.3d 858, 868 (Pa. Super. 2014), quoting *Commonwealth v. Ocasio*, 619 A.2d 352, 354–55 (Pa. Super. 1993). As with any other element of a crime, constructive possession may be proven by circumstantial evidence. *Commonwealth v. McClellan*, 178 A.3d 874, 878 (Pa. Super. 2018). The requisite knowledge and intent may be inferred from the totality of the circumstances. *Id.*

Here, the evidence presented at trial demonstrated that Reid not only had access to the cell, but was also found to be in actual possession of a napkin containing an oxycodone pill, evidencing his participation in drug-related activity. *Vargas*, *supra*. Based on the totality of the evidence, the jury could have concluded that Reid also constructively possessed the two pills found on the floor of his cell.

Accordingly, as the outcome of trial would not have been different had the trial court admitted the evidence in question, any abuse of discretion was harmless.

Judgment of sentence affirmed; petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/24/19