**COMMONWEALTH of Pennsylvania**

**v.**

**George BROWN, Appellant.**

Superior Court of Pennsylvania.

Submitted June 30, 1997.

Filed Sept. 30, 1997.

Timothy J. Sloan, Ebensburg, for appellant.

David J. Tulowitzki, Asst. Dist. Atty., Ebensburg, for Commonwealth, appellee.

Before DEL SOLE and HUDOCK, JJ., and MONTEMURO,* Judge.

DEL SOLE, Judge:

This is an appeal from the judgment of sentence imposed following Appellant's conviction for possession with the intent to deliver a controlled substance, delivery of a controlled substance, and violation of the Pennsylvania Corrupt Organizations Act, 18 Pa.C.S.A. § 911. Appellant raises three issues: (1) whether the trial court erred by admitting evidence of Appellant's subsequent drug violation in Blair County; (2) whether there was sufficient evidence to sustain Appellant's conviction of possession with intent to deliver and delivery of a controlled substance; and (3) whether there was sufficient evidence to sustain Appellant's conviction of corrupt organizations. We affirm.

Appellant was tried non-jury with co-defendants Judy Fortune and Kisha Watts. At trial the Commonwealth offered testimony by Debora and William Klein regarding their purchases of cocaine from the defendants and evidence of Appellant's subsequent drug violation in Blair County. Mr. and Mrs. Klein testified that they were cocaine users and made frequent purchases from the defendants. Both Mr. and Mrs. Klein testified that they did not actually purchase cocaine from Appellant, but rather Appellant would direct them to his co-defendants for the purchase of cocaine. Mrs. Klein indicated, however, that it was apparent that Appellant was the organizer of the group. Mr. Klein testified that Appellant told him that they sometimes made $15,000 per week from the sale of drugs.

Appellant first asserts that the testimony concerning his subsequent drug violation in Blair County should not have been admitted as evidence. The trial court stated that this evidence was admissible as a predicate act to prove a pattern of racketeering,

---

* Retired Justice assigned to the Superior Court.

which is necessary for a conviction under the Corrupt Organizations Act. The trial court erred in applying this rationale. The Commonwealth is required to specify which predicate acts will be used to prove a pattern of racketeering. *Commonwealth v. Stocker,* 424 Pa.Super. 189, 622 A.2d 333 (1993). The Commonwealth did not state that the evidence from the Blair County offense would be used in this manner. Also, the trial court mistakenly characterized the Blair County offense, which occurred after the offenses considered in this appeal, as prior offenses.

■ These mistakes do not alter the outcome, however. At trial, Mr. Klein testified that, following his own arrest, he helped police arrest Appellant with a controlled purchase of drugs. Klein met Appellant and a person named Paul Morris in a Blair County hotel room. Moments after Klein arrived, Morris came out of the room and got the drugs from his car. When he went back into the room, an exchange of drugs for money took place. Klein exited the room and gave a signal to the police that the sale was successfully completed. Police then moved in and arrested Appellant and Morris. This testimony was given and admitted as evidence without objection from Appellant. Later, Detective Sassano of the Altoona Police Department began to testify about the same incident when Appellant objected. Appellant's objection was overruled and it is now argued that evidence of the Blair County offense was inadmissible.

■ "In order to preserve an issue for review, a party must make a timely and specific objection." *Commonwealth v. Montalvo,* 434 Pa.Super. 14, 31, 641 A.2d 1176 (1994) citing *Commonwealth v. Smith,* 414 Pa.Super. 208, 606 A.2d 939 (1992). "The Superior Court will not consider a claim on appeal which was not called to the trial court's attention at a time when any error committed could have been corrected." *Id.* Because Appellant did not object to Mr. Klein's testimony concerning the Blair County offense, that testimony was admitted as evidence. Although Appellant later objected to Detective Sassano's testimony regarding the controlled buy, this same evidence was already presented to the factfinder. There-

fore, we need not consider whether Detective Sassano's testimony was admissible because evidence concerning the Blair County incident was already admitted, without objection, via Mr. Klein's testimony.

■ Appellant next contends that there was insufficient evidence to convict him of possession with intent to deliver and delivery of a controlled substance. When considering whether evidence introduced at trial is sufficient to sustain a conviction, this court must view all evidence and reasonable inferences therefrom in the light most favorable to the Commonwealth, as the verdict winner, and consider whether the trier of fact could have found that each element of the offense charged was supported by evidence and inference sufficient to prove guilt beyond a reasonable doubt. *Commonwealth v. Hlatky,* 426 Pa.Super. 66, 626 A.2d 575 (1993). The Commonwealth may sustain its burden by proving the crime's elements with evidence which is entirely circumstantial and the trier of fact, who determines credibility of witnesses and the weight to give the evidence produced, is free to believe all, part, or none of the evidence. *Commonwealth v. Harper,* 485 Pa. 572, 403 A.2d 536 (1979).

■ The Commonwealth need not prove Appellant had actual possession of the drugs. Instead it can prove Appellant had constructive possession. Constructive possession exists where a defendant has power of control over the drugs and intends to exercise that control. *Commonwealth v. Ocasio,* 422 Pa.Super. 272, 619 A.2d 352 (1993). The trial court obviously found Mr. and Mrs. Klein's testimony credible. This testimony supports the conclusion that Appellant was the organizer of the group. Appellant would not deal the drugs himself, but directed the sale transactions to Judy Fortune and Kisha Watts. Appellant then shared in the profits as indicated by his comment to Mr. Klein wherein he admitted that they earn $15,000 per week from drugs sales. This, coupled with the evidence of Appellant's standard operating procedure as gleaned from the testimony of circumstances surrounding the Blair County offense, supports the trial court's finding that Appellant had construc-

tive possession and intended to deliver and did deliver a controlled substance to others.

Appellant finally contends that there was insufficient evidence to convict him of violating the Pennsylvania Corrupt Organizations Act, 18 Pa.C.S.A. § 911, because the Commonwealth failed to prove his involvement in any organization. He further argues that even if it was shown that he was involved in an illegal enterprise, the conviction cannot stand absent evidence connecting the illegal enterprise to a legitimate business, as directed by our supreme court in *Commonwealth v. Besch,* 544 Pa. 1, 674 A.2d 655 (1996).

While it is clear that the evidence showed Appellant's involvement in an illegal organization, nothing in the record indicated that Appellant's involvement was connected in any manner to the operation of a legitimate business. In *Besch,* the Pennsylvania Supreme Court interpreted the Act and concluded that a wholly illegitimate drug conspiracy, which exhibited no legitimate purpose nor encompassed any elements of a legitimate business activity, was not within the scope of the corrupt organizations statute. However, most recently in *Commonwealth v. Shaffer,* 696 A.2d 179 (Pa.Super.1997), this court noted that within two weeks after the *Besch* decision the legislature expressed its disagreement with the supreme court's decision and amended the statute to evidence its intent to apply the Act to both legitimate and illegitimate businesses. The court in *Shaffer* considered these intervening circumstances in an effort to determine the intent of the legislature, and ruled that *Besch* cannot be relied upon to afford relief because it arrives at a result contrary to what the legislature intended. Accordingly, the court ruled that a defendant could be prosecuted under the Act for participating in a wholly illegitimate enterprise. For these same reasons, and based on this court's decision in *Shaffer,* we dismiss Appellant's final argument.

Judgment of Sentence affirmed.