J-S40031-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| ROBERTO GONZALEZ, | : | |
| | : | |
| Appellant | : | No. 1280 EDA 2015 |

Appeal from the Judgment of Sentence April 17, 2015
in the Court of Common Pleas of Philadelphia County,
Criminal Division, No(s): CP-51-CR-0012800-2013

BEFORE:  BOWES, MUNDY and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                   **FILED JULY 08, 2016**

Roberto Gonzalez ("Gonzalez") appeals from the judgment of sentence imposed following his convictions of burglary, theft by unlawful taking, receiving stolen property, persons not to possess a firearm, criminal trespass, criminal mischief and criminal conspiracy.[1]  We affirm.

In August 2013, Jennifer Jones ("Jones") and her family went on a month-long vacation.  Upon their return, they found that their home had been burglarized, and that multiple items had been stolen including televisions, computers, copper pipes and seven handguns.  After the police arrived, they processed the scene for fingerprints.  Testing revealed that several fingerprints belonged to Jones's neighbor, Gonzalez.

---

[1] 18 Pa.C.S.A. §§ 3502(a)(1), 3921(a), 3925(a), 6105(a)(1), 3503(a)(1)(ii), 3304(a)(2) and 903.

Following his arrest, Gonzalez waived his **_Miranda_**[2] rights and confessed to having taken part in the burglary along with his partner, "Chickie." Gonzalez stated that Chickie was the one who found the guns and that Gonzalez never touched the guns. Gonzalez explained that Chickie was going to sell the guns and give part of the proceeds to Gonzalez, although he never did.

Gonzalez waived his right to a jury trial, and was thereafter tried before the Honorable Charles Ehrlich ("Judge Ehrlich"). Judge Ehrlich found Gonzalez guilty of the above mentioned crimes. On December 11, 2014, Gonzalez was sentenced to consecutive prison terms of six to twenty years for the burglary and six to twenty years for persons not to possess firearm convictions. The trial court did not impose any further sentence on the remaining convictions. He filed a Motion for Reconsideration of Sentence, which the trial court denied. Gonzalez filed a timely Notice of Appeal, and a court-ordered Pa.R.A.P. 1925(b) Concise Statement.

On appeal, Gonzalez raises the following questions for our review:

1. Was [] the evidence insufficient to establish 18 Pa.C.S.[A.] § 6105 because it is a crime of personal possession and status and cannot be solely based on vicarious liability?

2. Did [] the sentence for 18 Pa.C.S.[A.] § 6105 (6 to 20 years) illegally exceed the ten-year statutory maximum?

Brief for Appellant at 2.

---

[2] **_Miranda v. Arizona_**, 384 U.S. 436 (1966).

In his first contention on appeal, Gonzalez argues that the evidence was insufficient to sustain his conviction of persons not to possess a firearm. *Id.* at 7, 11. While Gonzalez concedes that he may not possess a firearm based on his prior criminal history, he contends that Chickie found and possessed the firearms during the burglary. *Id.* Gonzalez further asserts that because Chickie was in sole possession of the guns, Gonzalez should not be held accountable for their possession. *Id.* at 14.[3]

We apply the following standard of review when considering a challenge to the sufficiency of the evidence:

> The standard we apply in reviewing the sufficiency of the evidence is whether[,] viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact[,] while passing upon the credibility of witnesses

---

[3] In his appellate brief, Gonzalez also argues that he cannot be found guilty of persons not to possess a firearm under an accomplice liability. *See* Brief for Appellant at 12. However, Gonzalez failed to raise such a claim in his Rule 1925(b) Concise Statement. Thus, the claim is waived on appeal. *See Commonwealth v. Dowling*, 778 A.2d 683, 686 (Pa. Super. 2001) (holding that failing to state a claim in the Rule 1925(b) Concise Statement will result in a waiver of that claim).

and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Melvin*, 103 A.3d 1, 39-40 (Pa. Super. 2014) (citation omitted).

In possession cases, the Commonwealth may meet its burden of proof by showing actual, constructive or joint constructive possession. *Commonwealth v. Heidler*, 741 A.2d 213, 215 (Pa. Super. 1999); *see also Commonwealth v. Parker*, 847 A.2d 745, 750 (Pa. Super. 2004) (concluding that evidence of constructive possession was sufficient to support illegal possession of a stolen firearm).

> In order to prove that a defendant had constructive possession of a prohibited item, the Commonwealth must establish that the defendant had both the ability to consciously exercise control over it as well as the intent to exercise such control; an intent to maintain a conscious dominion may be inferred from the totality of the circumstances and circumstantial evidence may be used to establish a defendants possession of drugs or contraband.

*Commonwealth v. Harvard*, 64 A.3d 690, 699 (Pa. Super. 2013) (citations and quotation marks omitted); *see also Commonwealth v. Haskins*, 677 A.2d 328, 330 (Pa. Super. 1996) (holding that possession need not be exclusive, and two or more individuals may constructively possess the same contraband at the same time).

Here, during trial, Jones testified that upon returning from vacation, the Jones family found their home in shambles. N.T., 11/13/14, at 8, 9. Jones testified that over $20,000 worth of items were missing, including a

microwave, air conditioning unit, jewelry, computers and a bicycle. *Id.* at 10. Jones later realized that her guns had been stolen. *Id.* at 11. Jones indicated that her neighbor, Gonzalez, was never invited into their home, and that Gonzalez did not have permission to enter their home while they were on vacation. *Id.* at 13, 14.

Next, Police Officer Greg Montijo ("Officer Montijo") testified that he lifted fingerprints from the bathroom medicine cabinet. *Id.* at 17. The testing revealed that the fingerprints belonged to Gonzalez. *Id.* at 19.

In his statement to the police, Gonzalez stated that he and his friend, Chickie, decided to rob Jones's home, knowing that the family was on vacation. Statement, 09/24/13 at 2; *see also* N.T., 11/13/14, at 19. Gonzalez further stated that while burglarizing the home, he took copper pipe, a purple bike, and $20 from a pocketbook. Statement, 9/24/13, at 2. Gonzalez also stated that during the burglary, Chickie informed Gonzalez that he had found guns in the home and that he intended to sell them in New Jersey. *Id.* at 3. Chickie and Gonzalez decided to share the proceeds from the sale of the guns. *Id.* at 4.

Here the fact-finder could infer from the totality of the evidence that Gonzalez had intent to exercise control over the guns. *See Commonwealth v. Kirkland*, 831 A.2d 607, 610 (Pa. Super. 2003) (stating that the intent to exercise conscious dominion can be inferred from the totality of the circumstances). Indeed, Gonzalez assisted Chickie in the

burglary of the Jones's home, and additionally Gonzalez admitted that he was to receive a profit from the sale of the guns. *See Commonwealth v. Sanes*, 955 A.2d 369, 373-74 (Pa. Super. 2008) (concluding that appellant's knowledge of the guns and the fact that appellant showed police where the guns were located was sufficient to demonstrate that appellant had constructive possession of the guns); *see also Commonwealth v. Brown*, 701 A.2d 252, 254-55 (Pa. Super. 1997) (stating that evidence is sufficient to prove constructive possession of contraband where, *inter alia*, defendant shared in the profits of the contraband). Thus, we conclude that Gonzalez was in constructive possession of the guns, and there is sufficient evidence to support Gonzalez's conviction of persons not to possess firearms. Accordingly, his first claim is without merit.

Next, Gonzalez argues that his sentence of 6 to 20 years in prison for persons not to possess a firearm is illegal because it exceeds the statutory maximum. Brief for Appellant at 15. The Commonwealth agrees. Brief for the Commonwealth at 18.

One who violates persons not to possess firearms commits a second-degree felony. *See* 18 Pa.C.S.A. § 6105(a.1)(1). A felony of the second degree carries a maximum sentence of 10 years. *Id.* § 1103(2). Because the maximum sentence imposed upon Gonzalez for his persons not to possess a firearm conviction was 20 years in prison, the sentence is illegal. Thus, we vacate his sentence for persons not to possess firearms. However,

because vacating Gonzalez's sentence for persons not to possess firearms may disrupt the trial court's overall sentencing scheme, we remand for resentencing. **See Commonwealth v. Dobbs**, 682 A.2d 388, 392 (Pa. Super. 1996) (stating that "if a correction by this Court may upset the sentencing scheme envisioned by the trial court, the better practice is to remand").

Judgement of sentence vacated. Case remanded solely for resentencing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/8/2016