J-S57041-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| DANNY SILVA, | : | |
| | : | |
| Appellant | : | No. 3701 EDA 2016 |

Appeal from the PCRA Order November 18, 2016
in the Court of Common Pleas of Philadelphia County,
Criminal Division, No(s): CP-51-CR-0008101-2009

BEFORE: PANELLA, SOLANO and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.: **FILED OCTOBER 27, 2017**

Danny Silva ("Silva"), *pro se*, appeals from the Order dismissing his first Petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1] We affirm.

In its Opinion, the PCRA court set forth the relevant factual and procedural background, which we adopt herein for the purpose of this appeal. *See* PCRA Court Opinion, 3/28/17, at 1-2.

On appeal, Silva raises the following issues for our review:

1. Whether the PCRA court err[e]d in dismissing [Silva's] PCRA [Petition] without a[n] evidentiary hearing in light of his [n]ewly[-d]iscovered evidence?

2. Whether [Silva] suffered ineffective assistance of counsel where prior plea counsel failed to conduct any form of pretrial investigation prior to STRONGLY ADVISING [Silva] to enter such a plea of guilty where the evidence clearly demonstrates [Silva's] innocence?

---

[1] *See* 42 Pa.C.S.A. §§ 9541-9546.

3. Whether [Silva] suffered layered ineffective assistance of counsel where court-appointed PCRA counsel failed to conduct any form of interview of [Silva's] witnesses[,] as proffered in [Silva's] PCRA [Petition,] to ascertain[] the circumstances of their initial statements?

Brief for Appellant at 4 (unnumbered, emphasis in original).[2]

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. We grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Further, where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary.

***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

In his first issue, Silva contends that the affidavit of Fabian Pabon ("Pabon") constitutes newly-discovered evidence, which satisfies the PCRA's timeliness exception set forth at 42 Pa.C.S.A. § 9545(b)(1)(ii). Brief for Appellant at 7-8 (unnumbered). Silva claims that the PCRA court erred by dismissing his Petition without conducting an evidentiary hearing to assess

---

[2] The Argument section of Silva's brief fails to comply with the requirements of Pa.R.A.P. 2119(a), which provides that "the argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part--in distinctive type or in type distinctively displayed--the particular point treated therein …."

- 2 -

the credibility and significance of Pabon's recantation of his statement to police. *Id*. at 8.

In its Opinion, the PCRA court addressed Silva's first issue, set forth the relevant law, and determined that the court lacked jurisdiction because Silva had failed to establish the newly-discovered evidence exception to the PCRA's timeliness requirements. *See* PCRA Court Opinion, 3/28/17, at 3-6. We agree with the reasoning of the PCRA court, which is supported by evidence of record and is free of legal error, and affirm on this basis as to Silva's first issue. *See id*.

In his second issue, Silva contends that his plea counsel, Fortunado Perri, Esquire ("Attorney Perri"), induced Silva to enter a guilty plea without conducting any form of pretrial investigation, despite Attorney Perri's access to (1) investigative reports that challenged Pabon's account of events; and (2) "[Silva's] alibi that entailed surveillance footage during the time of the decedent being shot and killed." Brief for Appellant at 10 (unnumbered). Silva further asserts that Attorney Perri's failure to investigate "implicates trial strategy prior to inducing [Silva] to enter an unknowing guilty plea." *Id*. at 11. Silva also claims that Attorney Perri was ineffective for failing to perfect a direct appeal, as evidenced by the affidavit of his mother, Dolores Rios ("Rios"). *Id*. Silva contends that Rios's affidavit states that, when she inquired as to the status of Silva's appeal for sentence reduction, Attorney Perri told her that it was too late to file an appeal, as the 30-day period in

which to file an appeal had expired. *Id*. at 12. Silva asserts that, even if the record is insufficient to determine whether he requested that an appeal be filed, Attorney Perri may still be deemed ineffective for failing to adequately appraise Silva of his appellate rights. *Id*.

In its Opinion, the PCRA court addressed Silva's second issue, set forth the relevant law, and determined that the court lacked jurisdiction because Silva had failed to specify how his ineffectiveness claim satisfied any of the PCRA's timeliness exceptions set forth at 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). *See* PCRA Court Opinion, 3/28/17, at 6-7. We agree with the reasoning of the PCRA court, which is free of legal error, and affirm on this basis as to Silva's second issue. *See id*.

In his final claim, Silva contends that, upon receiving the affidavits of Pabon and Rios, he forwarded them to his court-appointed PCRA counsel, Lee Mandell, Esquire ("Attorney Mandell"), but received no response or acknowledgment from Attorney Mandell. Brief for Appellant at 7-8 (unnumbered). Silva asserts that the PCRA court erred by "adopting [Attorney] Mandell's assertion of a no-merit letter without [Attorney] Mandell[] conducting the barest of investigation[,] *i.e*. investigating [] Pabon." *Id*. at 9. Silva also claims that Rios's affidavit establishes Attorney Perri's ineffectiveness in failing to file a direct appeal. *Id*. at 11-12.

In its Opinion, the PCRA court addressed Silva's third issue, set forth the relevant law, and determined that the court lacked jurisdiction because

Silva had failed to specify how his layered ineffectiveness claim satisfied any of the PCRA's timeliness exceptions set forth at 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). **See** PCRA Court Opinion, 3/28/17, at 7. The PCRA court further determined that Silva had failed to raise his layered ineffectiveness claim in response to the court's Pa.R.Crim.P. 907 Notice of its intent to dismiss Silva's Petition. **Id**. We agree with the reasoning of the PCRA court, which is free of legal error, and affirm on this basis as to Silva's third issue. **See id**.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/27/2017

Received 7/19/2017 5:56:20 PM Superior Court Eastern District

Filed 7/19/2017 5:56:00 PM Superior Court Eastern District
3701 EDA 2016

FILED

MAR 28 2017

Criminal Appeals Unit
First Judicial District of PA



### PHILADELPHIA COURT OF COMMON PLEAS
### CRIMINAL TRIAL DIVISION

COMMONWEALTH : 

                 :        CP-51-CR-0008101-2009

       v. : 

                 :        Superior Court No.
                             3701 EDA 2016

DANNY SILVA



CP-51-CR-0008101-2009 Comm. v Silva, Danny
Opinion

7924896481

Sarmina, J.
March 28, 2017

### OPINION

### PROCEDURAL HISTORY:

On June 21, 2010, Danny Silva (hereafter, petitioner) entered into a negotiated guilty plea[1] to charges of murder of the third degree (H-3) and possessing instruments of crime (PIC) (M-1).[2] That same day, consistent with the negotiations, petitioner was sentenced to a term of not less than 18 years nor more than 36 years in prison.[3] Notes of Testimony (N.T.) 6/21/10 at 30. Petitioner did not file post-sentence motions or a notice of appeal.

On January 6, 2015, petitioner filed an untimely PCRA petition, *pro se*. On June 10, 2015, Lee Mandell, Esquire was appointed to represent petitioner on collateral attack.[4] On June 3, 2016, this Court issued an Order instructing PCRA counsel to submit a filing by September 2, 2016.[5] On

---

[1] At the time of his guilty plea, petitioner was represented by Fortunato Perri, Esquire.

[2] 18 Pa.C.S. §§ 2502(c) and 907(a), respectively.

[3] As to the charge of third-degree murder, petitioner was sentenced to not less than 18 years nor more than 36 years in prison, with credit for time served. As to the charge of PIC, petitioner was sentenced to a concurrent term of not less than one year nor more than five years in prison. N.T. 6/21/10 at 30.

[4] Mr. Mandell was appointed pursuant to Pa.R.Crim.P. 904(C) and Commonwealth v. Perez, 799 A.2d 848 (Pa.Super. 2002) (holding that an indigent petitioner is entitled to appointment of counsel on a first PCRA petition, even where petition is untimely on its face).

[5] This matter was forwarded to the Court on May 25, 2016, at which time this Court noted that the docket did not reflect any submission by Mr. Mandell since his appointment.

August 25, 2016, counsel submitted a Finley[6] "no merit" letter and a motion to withdraw as counsel. Having considered the pleadings and conducted its own independent review of the record, on October 18, 2016, this Court sent petitioner notice of its intent to deny and dismiss petitioner's PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907 (907 Notice). Consistent with its 907 Notice, on November 18, 2016, this Court denied and dismissed petitioner's PCRA petition.[7] This timely appeal followed.

## LEGAL ANALYSIS:

Petitioner raises the following issues on appeal:[8]

1) Whether the PCRA Court erred in dismissing his PCRA Motion without an evidentiary hearing in light of his newly-discovered evidence?

2) Whether the PCRA Court erred in dismissing his PCRA Motion without an evidentiary hearing where petitioner demonstrated that his guilty plea was unintelligently entered where there was no factual basis to permit the plea court to accept such a plea?

3) Whether petitioner suffered ineffective assistance of counsel where prior plea counsel failed to conduct any form of pretrial investigation prior to strongly advising petitioner to enter a guilty plea?

4) Whether petitioner suffered layered ineffective assistance of counsel where court-appointed PCRA counsel failed to conduct an interview of petitioner's witnesses as proffered in petitioner's PCRA petition to ascertain the circumstances of their initial statement?

5) Whether petitioner suffered layered ineffective assistance of counsel where PCRA counsel failed to have independent DNA testing conducted upon the blood evidence collected?

---

[6] Commonwealth v. Finley, 550 A.2d 213 (Pa.Super 1988).

[7] Counsel was also permitted to withdraw.

[8] These issues have been rephrased and consolidated for ease of disposition.

2

6) Should this matter be remanded for a full evidentiary hearing where petitioner has demonstrated a strong *prima facie* case that a serious miscarriage of justice erupted in the form of ineffective assistance of counsel?

7) Whether petitioner is serving an unconstitutional sentence in light of the retroactivity of Alleyne v. United States?

I.     *Newly-Discovered Evidence*

Petitioner claims that his petition satisfied the second exception to the one-year time bar, pursuant to 42 Pa.C.S. § 9545(b)(1)(ii), because of newly-discovered evidence, and that the matter should be remanded for a full evidentiary hearing. Petitioner's proffered evidence does not satisfy the strictures of the timeliness exception, and, therefore, his claim fails.

A PCRA petition not filed within one year of the date that a petitioner's judgment of sentence became "final" must allege, and the petitioner must prove, one of the exceptions enumerated in 42 Pa.C.S. § 9545(b)(1), as well as the "due diligence" provision of § 9545(b)(2):

> (1)(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (1)(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (1)(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.
>
> (2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S. §§ 9545(b)(1)(i)-(iii), (b)(2).

In support of his claim, petitioner submitted a post-conviction affidavit from Fabian Pabon (Pabon), where Pabon recanted his statement to police that he observed petitioner shooting the victim. Because these facts were asserted in Pabon's first statement to police and petitioner could

3

have proceeded to trial and confronted Pabon with his inconsistent accounts of the shooting, this information is not "newly-discovered."

The timeliness exception in 42 Pa.C.S. § 9545(b)(1)(ii) does not require any merits analysis of the underlying claim. Commonwealth v. Bennett, 930 A.2d 1264, 1271-72 (Pa. 2007). Our Supreme Court has made clear that the exception merely requires that the petitioner "must establish that: 1) 'the *facts* upon which the claim was predicated were *unknown*' and 2) 'could not have been ascertained by the exercise of due diligence.'" Id., *quoting* 42 Pa.C.S. § 9545(b)(1)(ii). If petitioner alleges and proves these two components, then a PCRA court has jurisdiction over the claim. Id., *citing* Commonwealth v. Lambert, 884 A.2d 848, 852 (Pa. 2005).

Petitioner provided a post-conviction affidavit of Pabon, which was notarized but was not dated. Petitioner asserts that this information and the statement became known to him recently. In the affidavit, Pabon asserts that he lied when he spoke to police in the weeks following the shooting, and further asserts that:

> I did not see Danny Silva shooting and killing Ayres Robinson on March 7, 2009. I was at a friend's house on that night when I heard gunshots. I then went outside a couple of minutes later to see what had happened. I did not see Danny Silva at the scene of the crime or anywhere.

Post-Conviction Affidavit of Fabian Pabon.

Pabon's post-conviction affidavit provides facts which are essentially identical to Pabon's assertions in his first statement to police following the shooting: On March 12, 2009, Pabon provided a written statement to police asserting that, at the time of the shooting, Pabon was inside his cousin's house when he heard gunshots outside. Pabon stated that he "went outside and saw people running up 5th Street. I went up to where the guy was shot and saw that it was [the victim]." 3/12/09 Statement of Fabian Pabon. In this initial statement, Pabon did not identify the shooter. On March 25, 2009, Pabon provided a written statement to police asserting that he observed petitioner and the victim having a fistfight in the street on the night of March 7, 2009. Pabon

4

observed that the victim appeared to be winning the fistfight, and that petitioner proceeded to step backwards, pull out a handgun, and fire multiple shots into the victim's body. Also on March 25, 2009, Pabon identified petitioner by photo array as the shooter. At petitioner's guilty plea hearing, the Commonwealth proffered the expected proofs it would have presented had the case gone to trial, and asserted that Pabon would testify consistently with his March 25, 2009 written statement and identification of petitioner as the shooter. N.T. 6/21/10, at 20-22.

First, it is noted that this Court conducted a colloquy with petitioner at his guilty plea hearing and explained to him that his decision to plead guilty meant that his appellate rights were limited only to this Court's jurisdiction to accept his plea, to the legality of his sentence, or to the voluntariness of his plea. N.T. 6/21/10 at 30-32. Petitioner replied that he understood. Id. This Court also made clear that petitioner would be bound by the answers he provided under oath in his colloquy, and petitioner replied that he understood. Id. at 13-14. During the Commonwealth's proffer of the evidence it would have provided if the case had proceeded to trial, Pabon's March 25, 2009 statement identifying petitioner as the shooter was read into the record; this Court then asked petitioner if these were the facts to which he was pleading guilty, and petitioner replied "Yes, Your Honor." Id. at 25.

In any event, Pabon's March 12, 2009 statement was available at the time of petitioner's guilty plea. If petitioner was convinced that Pabon was lying in his March 25, 2009, statement, he had every right to refuse to plead guilty, go to trial, and have his counsel confront Pabon with his March 12th statement where Pabon did not identify petitioner as the shooter. Petitioner instead admitted that Pabon's March 25th statement was accurate and agreed to a negotiated deal which allowed him to avoid the charge of first degree murder. Further, petitioner has not demonstrated why he could not have, through reasonable diligence, presented this claim earlier, as the facts asserted in Pabon's post-conviction affidavit are virtually identical to Pabon's assertions in his March

5

12th statement. As petitioner did not satisfy either prong of the timeliness exception for after-discovered facts, this Court did not have jurisdiction to entertain this claim.

## II. Guilty Plea Unintelligibly Entered Without Factual Basis

Petitioner claims that his guilty plea was not entered intelligibly and that there was no factual basis to support the plea.[9] As this claim does not meet any of the timeliness exceptions, it fails.

Because this petition was filed more than a year after judgment became final, it must meet one of the timeliness exceptions stated in 42 Pa.C.S. § 9545(b)(1), *supra*. The burden is on petitioner to allege and prove that a timeliness exception applies. Commonwealth v. Edmiston, 65 A.3d 339 (Pa. 2013). Petitioner failed to allege or prove that a timeliness exception applied to this claim. This Court therefore lacked jurisdiction to decide on the merits of the claim, and it fails.

## III. Ineffective Assistance of Trial Counsel

In claims (3) and (6), petitioner argues that he suffered ineffective assistance of counsel and that the matter should be remanded for a full evidentiary hearing. Specifically, he argues that counsel was ineffective in failing to conduct any pretrial investigation prior to advising petitioner to enter a guilty plea.

Allegations of ineffective assistance of counsel are insufficient to overcome otherwise untimely PCRA claims. Commonwealth v. Wharton, 886 A.2d 1120, 1127 (Pa. 2005) (finding that where petitioner never argued that an exception to the PCRA timeliness provisions is applicable, his untimely petition was properly dismissed). Petitioner failed to specify how these claims satisfied one

---

[9] Petitioner entered his plea after an extensive oral colloquy as well as after reviewing and signing a written guilty plea colloquy form. At petitioner's guilty plea hearing, the Commonwealth put forth the evidence it planned to introduce at trial to prove the case. In addition to Pabon's statement, the Commonwealth would have presented testimony from a medical examiner, additional eyewitnesses, an officer of the Crime Scene Unit, and a firearms examiner. N.T. 6/21/10 at 20-24. Petitioner asserted that those were the facts to which he was pleading guilty. Id. at 25. In the guilty plea colloquy form, petitioner affirmed that the crimes and elements of the crimes to which he was pleading guilty were read to him. Written Colloquy at 3. There was, thus, in fact, a factual basis for petitioner's guilty plea.

6

of the three timeliness exceptions set forth at 42 Pa.C.S. § 9545(b)(1) (i)-(iii). Therefore this Court lacked jurisdiction to hear the merits of the claims, and they fail.

## IV. Ineffective Assistance of PCRA Counsel

Petitioner claims he suffered layered ineffective assistance of PCRA counsel due to PCRA counsel's failure to conduct an interview of petitioner's witnesses [sic] as proffered in his PCRA petition to ascertain the circumstances of their initial statements. This claim does not satisfy any of the timeliness exceptions, nor was it raised at the proper time, and it therefore fails.

When counsel files a Finley no-merit letter to the PCRA court, the petitioner must allege any claims of ineffectiveness of PCRA counsel in response to the court's notice of intent to dismiss pursuant to Pa.R.Crim.P. 907 (907 Notice). Commonwealth v. Ford, 44 A.3d 1190, 1198 (Pa.Super. 2012). See also Commonwealth v. Rykard, 55 A.3d 1177, 1186 (Pa. 2012) (finding petitioner's claims of PCRA counsel's effectiveness to have been "properly preserved, having been raised at the PCRA level in the first instance"). As petitioner did not raise this claim in his response to this Court's 907 Notice, it has been waived, and this claim fails.

Additionally, counsel cannot be found ineffective for failure to raise a meritless claim. Commonwealth v. Fears, 86 A.3d 795 (Pa. 2014). As this petition was not timely filed, every claim must have met one of the three timeliness exceptions in 42 Pa.C.S. § 9545(b)(1). Petitioner claims PCRA counsel was ineffective for failing to interview Fabian Pabon. However, as was discussed in claim (1), supra, Pabon's affidavit does not constitute newly-discovered evidence for the purposes of § 9545(b)(1)(ii). PCRA counsel therefore cannot be considered ineffective for failing to interview Pabon.

7

## V. Ineffective Counsel Due to Failure to Test DNA Evidence

Petitioner, for the first time on appeal, claims he suffered layered ineffective assistance of counsel due to PCRA counsel's failure to conduct independent DNA testing of blood samples.[10] In addition to the time bar discussed *supra*, this claim has been waived.

To be eligible for PCRA relief, among other requirements, the allegation of error must not have been waived. 42 Pa.C.S. § 9543(a)(3). An issue is deemed waived if the petitioner could have raised it but failed to do so before trial, during trial, during unitary review, on direct appeal, or in a prior PCRA proceeding. 42 Pa.C.S. §9544(b). Superior Court has held that it ". . . will not consider a claim on appeal which was not called to the trial court's attention at the time when any error committed could have been corrected." Commonwealth v. Brown, 701 A.2d 252, 254 (Pa. 1997) (citations omitted). At the guilty plea hearing, the Commonwealth put forth the evidence it planned to introduce at trial to prove the case. They did not present or reference any DNA evidence. See N.T. 6/21/10 at 20-24. In his PCRA petition, petitioner made no claim that DNA testing should have been done. Because the claim does not satisfy any timeliness exception, and because the claim has been waived, it fails.

## VI. Constitutionality of Sentence in Light of *Alleyne v. United States*

Petitioner, pleading the timeliness exception under 42 Pa.C.S. § 9545(b)(1)(iii), claims that the Supreme Court decision in Alleyne v. United States, 133 S. Ct. 2151 (2013), should be applied retroactively and that the sentence he is serving is therefore unconstitutional. Specifically, petitioner claims that he must be re-sentenced or granted other relief under Alleyne because his sentence is partially based on facts which triggered a mandatory minimum sentence. Because Alleyne is not

---

[10] Petitioner did not indicate to which blood samples he is referring nor did he indicate why he did not request post-conviction DNA testing pursuant to 42 Pa.C.S. § 9543.1. Petitioner merely claims that DNA testing should have been done by PCRA counsel, but never mentions that he requested PCRA counsel to do this.

8

applied retroactively, and because petitioner's case was decided prior to <u>Alleyne</u>, petitioner's sentence is constitutional and his claim fails.

The United States Supreme Court held in <u>Alleyne</u> that "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury." <u>Id.</u> at 2155. There are only limited circumstances in which new rules will apply to cases with a final conviction. <u>Schriro v. Summerlin</u>, 542 U.S. 348, 351-52 (1989). Such circumstances arise when the new rule is a "watershed [rule] of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." <u>Id.</u> at 352. The Third Circuit Court of Appeals and our Superior Court have both found that <u>Alleyne</u> is a procedural rather than a substantive watershed rule of criminal procedure, therefore it does not apply retroactively to convictions already finalized. <u>U.S. v. Reyes</u>, 755 F.3d 210, 212 (3d Cir. 2014); <u>Commonwealth v. Galloway</u>, 2016 WL 1384692 at *6 (Pa.Super. 2016); <u>Commonwealth v. Riggle</u>, 119 A.3d 1058, 1064-65 (Pa.Super. 2015) (<u>Alleyne</u> does not apply retroactively to petitioners seeking PCRA relief).[11]

Here, petitioner's judgment became final before <u>Alleyne</u> was decided.[12] Since the rule announced in <u>Alleyne</u> does not apply retroactively, it has no bearing on this matter.

Petitioner's claim that he pled guilty to a mandatory sentence is also incorrect. Petitioner was sentenced to 18 to 36 years for third degree murder per negotiations, and was not subject to a mandatory minimum sentence. <u>See</u> 18 Pa.C.S. § 1102(d) ("[A] person who has been convicted of murder of the third degree . . . shall be sentenced to a term which shall be fixed by the court at not more than 40 years."); petitioner's sentence for the PIC

---

[11] In <u>Commonwealth v. Ruiz</u>, our Superior Court held that <u>Alleyne</u> may only apply retroactively if judgment was not yet final when <u>Alleyne</u> was decided on June 17, 2013. 131 A.3d 54, 59-60 (Pa.Super 2015).

[12] Petitioner's judgment became final July 21, 2010, thirty days after sentencing.

9

charge was also not a mandatory sentence. See 18 Pa.C.S. § 1104 ("A person who has been convicted of a misdemeanor may be sentenced to imprisonment for a definite term which shall be fixed by the court and shall be not more than . . . [f]ive years in the case of a misdemeanor of the first degree.") Therefore Alleyne does not apply to petitioner, and the claim fails.

Accordingly, the judgments of sentence should be affirmed.

BY THE COURT:

M. TERESA SARMINA                    J.

# IN THE SUPERIOR COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania              :      3701 EDA 2016
           v.                          :
Danny Silva                               :
     Appellant

---

## PROOF OF SERVICE

     I hereby certify that this 19th day of July, 2017, I have served the attached document(s) to the persons on the date(s) and

in the manner(s) stated below, which service satisfies the requirements of Pa.R.A.P. 121:

**Service**

| | |
|---|---|
| Served: | Danny Silva |
| Service Method: | First Class Mail |
| Service Date: | 7/19/2017 |
| Address: | JP-6253     SCI-Coal Township |
| | 1 Kelley Drive |
| | Coal Township, PA 17866 |
| Phone: | -- |
| Pro Se: | Appellant   Danny Silva |

/s/ Lindsey Rebecca Harteis
_____
*(Signature of Person Serving)*

| | |
|---|---|
| Person Serving: | Harteis, Lindsey Rebecca |
| Attorney Registration No: | 313918 |
| Law Firm: | |
| Address: | Office of the District Attorney |
| | Three S. Penn Sq. |
| | Philadelphia, PA 19107 |
| Representing: | Appellee   Commonwealth of Pennsylvania |