J-S10018-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HEIDI ANN WHITE | : | |
| | : | |
| Appellant | : | No. 1283 MDA 2020 |

Appeal from the Judgment of Sentence Entered December 9, 2019
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s): CP-41-CR-0000184-2019

BEFORE: MURRAY, J., McLAUGHLIN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY McLAUGHLIN, J.: **FILED JULY 01, 2021**

Heidi Ann White appeals from the judgment of sentence entered following her jury trial conviction for conspiracy to commit burglary, conspiracy to commit theft by unlawful taking, and conspiracy to commit receiving stolen property.[1] White claims the trial court erred in permitting the jury to have a copy of her written statement during jury deliberations and the court erred when it sentenced her to a fine without considering her ability to pay. White waived her claim that the court erred when it permitted the jury to have her written statement by failing to lodge a timely objection below. We find her inability-to-pay claim meritorious and vacate and remand for resentencing.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 903, 3502(a)(2), 3921, and 3952.

In January 2019, White was charged with conspiracy to commit burglary and theft of jewelry and prescription narcotics from the victim's home. During deliberations at White's December 2019 jury trial, the jurors asked to see two pieces of evidence, one of which was White's written statement.

> THE COURT: So this is the question that they sent. Are we able to see the other pieces of evidence, the statements made to the police? . . . The next one is Commonwealth's Exhibit 3. It's captioned Pennsylvania State Police noncustodial written statement, made by Heidi Ann White with her address, the time and date, November 25, 12:55 . . .
>
> And then it says I, Heidi Ann White, the undersigned, have been informed by Trooper Andrew Delkiewicz, an officer with the Pennsylvania State Police, that I am not detained, under arrest, or otherwise in custody.
>
> . . .
>
> And then under the narrative, in her handwriting, she writes, on Friday, November 16, 2018, I, Heidi White, picked up Devin Hoffman on Bridge Street in Williamsport. We were going to Francis Starr's in Elimsport.
>
> I, Heidi, was cleaning the house after we got Francis off the floor from being passed out. She, Francis, needed to go to the doctor's office. I, Heidi, forgot my purse and got the key from Francis. Devin and I returned to the house. I, Heidi, got Francis's phone and cord, underwear and socks. Devin asked about what jewels she had. I, Heidi, showed her. She got three necklaces, one ankle bracelet, and two rings. I, Heidi, saw Devin with a handful of pills. I, Heidi, don't touch any; and she said they were Hydrocodone.
>
> Is the information contained in this two-page statement true and correct to the best of your knowledge and belief? Yes. Was the statement given of your own free will and accord without any promises or threats? Yes. Are there any corrections in the statement that you wish to make? No. Will you now sign the statement and initial each of the two

pages? Yes. She dates and signs them about ten minutes later.

Any objection from either counsel in sending out this written statement?

[ASSISTANT DISTRICT ATTORNEY]: No, Your Honor.

[DEFENSE COUNSEL]: Your Honor, as her defense counsel, I have to think about it, whether or not it's more prejudicial to her. But it's already been read into testimony that they heard so.

[THE COURT]: Yeah. Well, it's the Defendant's written statement.

[DEFENSE COUNSEL]: Yeah.

[THE COURT]: She's acknowledged that it's her written statement. She's offered some explanation as to why her testimony today was different then the written statement. She's raised questions about its voluntariness.

So the substance of the statement and the indications she's noted on here that at the time she was indicating was voluntary certainly are relevant to that as well. So I'm not sure why it couldn't go out. And the only objection, the basis for an objection, I hear you making is that it's prejudicial.

[DEFENSE COUNSEL]: Yeah.

[THE COURT]: But, you know, admissions tend to be, by their nature –

[DEFENSE COUNSEL]: And it's an admission by a party opponent so, yeah, I understand it's not hearsay so.

[THE COURT]: Okay.

[DEFENSE COUNSEL]: Yeah.

[THE COURT]: So three and four will go out with the jury. Okay. Thank you. Counsel, do you agree there's no reason to bring the jury in, we can just send this out, if I'm correct?

[DEFENSE COUNSEL]: Yes, Your Honor.

N.T., 12/19/19, at 151-52.

The jury convicted White of the above-referenced offenses. The trial court sentenced her to 27 to 240 months' incarceration and ordered her to pay restitution in the amount of $4,442 and a $5,000 fine. At the sentencing hearing, the court reviewed the pre-sentence investigation report ("PSI"),[2] including her prior convictions and education, and noted that she "ha[d] been receiving disability benefits since 1994" and that she "report[ed] that she receives her benefits due to a stroke." N.T., 12/9/19, at 3-8. When imposing sentence, the court found that White had the ability to pay the fine:

> The Court would note that it finds that the Defendant is able to pay the 5,000-dollar fine during the approximately eight years of her anticipated parole supervision. Eight years of supervision would allow her to make payments on that 5,000 dollar fine at $625.00 a year or $52.00 a month, which assuming the Defendant continues to receive disability, appears to this Court to be affordable.

N.T., 12/9/19, at 19.

White filed an untimely post-sentence motion. In July 2020, White filed a petition under the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546. The court appointed counsel, who filed an amended petition claiming ineffective assistance of counsel for failing to file a direct appeal. The court granted the petition and re-instated White's appellate rights *nunc pro tunc*. White then filed a timely notice of appeal.

White raises the following issues:

---

[2] The PSI is not in the certified record.

> 1. Whether the trial court committed reversible error by permitting the jury to have a copy of the [White's] written confession during jury deliberations.
>
> 2. Whether the sentencing court abused its discretion when it imposed a fine in the amount of $5000.00 without making a determination of her financial resources and ability to pay.

White's Br. at 6.[3]

In her first issue, White claims the court erred by permitting the jury to have a copy of her written statement during jury deliberations. White cites Pennsylvania Rule of Criminal Procedure 646(c)(2), which provides that "[d]uring deliberations, the jury shall not be permitted to have . . . a copy of any written or otherwise recorded confession by the defendant." White's Br. at 10. She notes the underlying reason for the rule "is to prevent placing undue emphasis or credibility on the material, and de-emphasizing or discrediting other items not in the room with the jury." *Id.* (quoting *Commonwealth v. Dupre*, 866 A.2d 1089 (Pa.Super. 2005)). White argues that counsel's statement that it would be prejudicial to White amounted to a timely objection. She also argues the error would be reversible even if counsel did not object.

"Issues not raised in the trial court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). "[T]o preserve an issue for review, a party must make a timely and specific objection." *Commonwealth v. Duffy*, 832 A.2d 1132, 1136 (Pa.Super. 2003) (quoting *Commonwealth v.*

---

[3] The Commonwealth did not file a brief, instead relying on the trial courts Pa.R.A.P. 1925(a) opinion.

***Brown***, 701 A.2d 252, 254 (Pa.Super.1997)). "[A]n appellant may not raise a new theory for an objection made at trial on his appeal." ***Id.*** (quoting ***Commonwealth v. Pearson***, 685 A.2d 551, 555 (Pa.Super. 1996)). Even issues of "constitutional dimension[] are waived if not raised in the trial court." ***Commonwealth v. Cline***, 177 A.3d 922, 927 (Pa.Super. 2017) (quoting ***Commonwealth v. Santiago***, 980 A.2d 659, 666 (Pa.Super. 2009)).

Here, counsel did not object to sending White's statement with the jury during deliberations on the basis of Rule 646. Rather, counsel stated he had to "think about" whether it would be prejudicial and, in discussing the objection with the court, seemed to agree with the court that the statement could be sent back with the jury. ***See*** N.T., 10/23/19, at 153-54. Because there was no objection below based on Rule 646, White has waived the argument on appeal.

Further, contrary to White's contention, we cannot address this issue even though counsel failed to object. The cases White cites for this proposition addressed the issue as part of a claim that counsel was ineffective. ***See*** 42 Pa.C.S.A. § 9541-9546; ***see, e.g., Commonwealth v. Postie***, 200 A.3d 1015, 1030-31 (Pa.Super. 2018) (finding counsel not ineffective for letting the jury have a copy of the written statement during deliberations where counsel had a reasonable basis); ***Commonwealth v. Karaffa***, 709 A.2d 887, 890 (Pa. 1998) (finding counsel ineffective for failing to object to sending written

jury instructions with the jury during deliberations).[4] Here, because counsel did not raise this objection at trial, we cannot review the merits of the claim on direct appeal.

The trial court suggests in its Rule 1925(a) opinion that White also waived any derivative ineffectiveness claim by failing to include it in the PCRA petition seeking *nunc pro tunc* appellate rights. Trial Court Op., filed Oct. 22, 2020, at 2. We disagree. Because the court granted White the right to file a direct appeal *nunc pro tunc*, any PCRA petition filed after this appeal will be treated as a first PCRA petition, wherein she can raise any claim cognizable on PCRA review, including ineffectiveness claims. ***Commonwealth v. Turner***, 73 A.3d 1283, 1286 (Pa.Super. 2013) (holding "when a PCRA petitioner's direct appeal rights are reinstated *nunc pro tunc* in his first PCRA petition, a subsequent PCRA petition will be considered a first PCRA petition for timeliness purposes").

In her second issue, White argues the trial court imposed an excessive fine, and claims it did so without considering her ability to pay the fine. She argues the "court did not consider [her] financial resources and ability to pay before it imposed a $5[,]000 fine." White's Br. at 14. She notes that the court held the amount was affordable to White "without any evidence in support of that conclusion." ***Id.*** She notes there "was no mention as to how much or

---

[4] ***Karaffa*** was superseded by Rule 646 "to the extent [it] would preclude that portion of the charge containing the elements of the offense charged, lesser included offenses, and defenses raised at trial from going to the jury." Pa.R.Crim.P. 646, Comment.

what type of disability benefits White receives nor was there any facts on the record that would determine the nature of the burden that the fine would place on White." *Id.* Further, the fine was in addition to the $4,442 in restitution White was ordered to pay. *Id.* She concludes that "the court made a conclusory finding that the fine was affordable without any evidence to support that finding." *Id.*

White's challenge to the imposition of the fine without considering her ability to pay challenges the legality of the sentence. *Commonwealth v. Ford*, 217 A.3d 824, 827 (Pa. 2019) (noting that a claim that a trial court imposed a non-mandatory fine without conducting an ability-to-pay determination "constitutes a nonwaivable challenge to the legality of the sentence"). We review the trial court's imposition of a fine to determine whether it committed an error of law. *Commonwealth v. Snyder*, --- A.3d ----, 2021 Pa.Super. 63, at *10 (Pa.Super. Apr. 9, 2021) (quoting *Commonwealth v. Dixon*, 161 A.3d 949, 951 (Pa.Super. 2017)).

Generally, "the Pennsylvania Sentencing Code permits a trial court to impose '[a] fine' as one of several 'alternatives' available '[i]n determining the sentence to be imposed.'" *Id.* (quoting 42 Pa.C.S.A. §§ 9721(a)(5), 9726(a)-(b)). "However, the Sentencing Code also provides that '[t]he court shall not sentence a defendant to pay a fine unless it appears of record that: (1) the defendant is or will be able to pay the fine; and (2) the fine will not prevent the defendant from making restitution or reparation to the victim of the crime.'" *Id.* (quoting 42 Pa.C.S.A. § 9726(c) (emphasis removed)). "[T]rial

courts are without authority to impose non-mandatory fines absent record evidence that the defendant is or will be able to pay them." ***Commonwealth v. Ford***, 217 A.3d 824, 829 (Pa. 2019).

In ***Commonwealth v. Thomas***, when imposing the fine, the trial court did not make "specific findings of [the defendant's] ability to pay the fine imposed," but rather merely stated that "it had 'all the appropriate information.'" 879 A.2d 246, 264 (Pa.Super. 2005). This Court found the record did not support the court's "general finding that [the defendant] has or will have the ability to pay a fine." ***Id.*** It noted that the PSI was not in the certified record and that it therefore did not know if it would "shed[] any light on [the defendant's] ability to pay." ***Id.*** The Court remanded to the trial court for a "re-sentencing after a determination of [the defendant's] ability to pay a fine." ***Id.***

Here, the trial court concluded that it considered White's financial resources and therefore did not err in imposing the fine:

> [White's] second matter alleges that the trial court did not consider [White's] financial resources and ability to pay when assessing the five thousand dollar fine. The Court notes to the contrary that it did consider testimony that [White] has been receiving disability benefits since 1994 following a stroke. The $5,000 fine was assessed based on the Court's finding that [White] was likely to continue receiving these benefits and, based on the income from the benefits alone, would be able to pay the fine over the ordered eight years of parole supervision, as payment would not exceed $52.00 a month.

1925(a) Op. at 3 (footnotes omitted).

We conclude the court erred. Although the sentencing transcript indicates that White has received disability payments since 1996, the record does not contain information as to how much White received with each disability payment or as to any liabilities White may have. Without such information, the court could not determine that White had the ability to pay $52.00 per month. *See Ford*, 217 A.3d at 829; *Thomas*, 879 A.2d at 264. Further, when determining that White had the ability to pay, the court makes no mention of the restitution award and whether the payment of the fine will impact the restitution payments to the victim. *See* 42 Pa.C.S.A. § 9726(c)(2). We remand for resentencing following an ability-to-pay determination.

Judgment of sentence vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/01/2021