J-S53020-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOSE RAMON | |
| Appellant | No. 1976 EDA 2018 |

Appeal from the Judgment of Sentence imposed June 21, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0001608-2017

BEFORE:  OLSON, J., STABILE, J., and NICHOLS, J.

MEMORANDUM BY STABILE, J.:                **FILED DECEMBER 31, 2019**

Appellant, Jose Ramon, appeals from the judgment of sentence imposed June 21, 2018 in the Court of Common Pleas of Philadelphia County after a jury convicted him of possession with intent to deliver ("PWID"), possession of a controlled substance, conspiracy to commit PWID, carrying a firearm without a license, and carrying a firearm on a public street.[1]  Appellant contends the evidence was insufficient to support the verdicts and that the verdicts were against the weight of the evidence.  Following review, we affirm.

The trial court provided a thorough summary of testimony from Appellant's trial as follows:

---

[1] 35 P.S. § 780-113(A)(30), 35 P.S. § 780-113(A)(16), 18 Pa.C.S.A. § 903, 18 Pa.C.S.A. § 6106 and 18 Pa.C.S.A. § 6108.  The trial judge found Appellant guilty of possession of a firearm by a prohibited person, 18 Pa.C.S.A. § 6105.

At about 11:30 a.m., December 15, 2016, Philadelphia Police Officer Charles Harron, an experienced and trained narcotics officer assigned to the Narcotics Enforcement Team, along with other narcotics officers, went to the 1900 block of East Wishart Street in Philadelphia, a location known for drug trafficking, to investigate drug dealing. Officer Harron and his partner began surveilling the area from inside a parked car. Upon arrival at the location, Officer Harron observed, with the aid of binoculars, Appellant sitting inside a white Ford Explorer parked on the south side of Wishart Street talking to a male later identified as Nicholas Dagostino through the vehicle's driver's side window.

At about 11:35 a.m., a male later identified as Charles Fritz came into the officer's view. Fritz engaged Dagostino, who was standing across the street from where Appellant was parked, in a short discussion following which Dagostino removed a clear plastic bag containing small green tinted objects, took an object from the bag and handed it to Fritz, who gave [] Dagostino U.S. currency. Fritz left the area and Officer Harron directed members of his backup team to stop Fritz, which they did a short time later.

After conducting the transaction with Fritz, Dagostino walked over to Appellant, who was still sitting in the Explorer, and handed him U.S. currency which Dagostino removed from his pocket while walking toward Appellant's vehicle. Appellant exited the vehicle after accepting the money from Dagostino and walked out of the officer's view, into an alleyway situated between two houses. Appellant walked out of the alleyway a couple of minutes later, walked over to Dagostino, and handed Dagostino an object he put into his sleeve. Appellant then returned to the Explorer and Dagostino returned to the spot where Officer Harron first saw him.

Shortly thereafter, two males, later identified as Robert Quintua and David Esworthy, separately approached Dagostino and engaged in [] transactions with them identical to the one Dagostino engaged in with Fritz. Quintua and Esworthy then left the area and were stopped by members of Officer Harron's backup team.

After Esworthy left, Dagostino again walked over to Appellant, removing money from his pocket and gave the money to Appellant. Dagostino then began walking eastbound on Wishart Street and Officer Harron directed members of his back-up team to apprehend Appellant and Dagostino. Both men were then

placed under arrest, Dagostino in the 2000 block of Wishart Street, and Appellant, who had gotten in the Explorer and had begun driving from the area, at the intersection of Wishart and Jasper Street. Following their arrests, Officer Harron instructed back-up Officer Gerald Logan to go into the same alleyway Appellant had earlier been seen entering. Officer Harron joined Officer Logan in the alleyway soon thereafter and recovered a black bag. Officer Harron then identified each of the persons mentioned above before he returned to police headquarters to complete paperwork.

Officer Jonathan Czapor, also an experienced narcotics officer, stopped Fritz and had him surrender a small green container filled with what later testing revealed to be cocaine base. The officer also stopped Quintua together with Police Officer Logan. Finally Officer Harron stopped Esworthy as he drove away from the location where he had engaged in the transaction with Dagostino. Esworthy handed over a green container, which also had what turned out to be cocaine base inside it identical to the container seized from Fritz.

When Officer Harron directed that Appellant be apprehended after he began driving off the block, Officer Czapor drove to the intersection of Wishart and Jasper Streets and blocked Appellant's vehicle from driving away. The officer then had Appellant exit the vehicle and placed Appellant under arrest. A search of Appellant's person yielded $378.00. A search of the Explorer [Appellant] was driving was negative for contraband.

As noted above Officer Logan participated in the stop of Quintua. Quintua handed over a green container of what turned out to be crack cocaine, which packet was identical to the container seized from Fritz.

As previously mentioned, following the stop of Quintua, Officer Harron had instructed Officer Logan to go into the alleyway where the Officer observed Appellant enter earlier that morning. In that alleyway, Officer Logan recovered a black drawstring school bag that contained three separate bags one of which contained numerous green containers that testing showed had cocaine base inside them and that were identical to the containers seized from the three buyers, and another that contained numerous packets of white powder suspected to be cocaine. The school bag also

contained an operable .45 caliber Hi-Point handgun loaded with eight rounds.

Philadelphia Police Officer Oswaldo Toribio apprehended Dagostino in the 2000 block of Wishart Street. From inside a sleeve of the sweatshirt Dagostino was wearing, Officer Toribio recovered a plastic bag that contained eighteen green containers filled with what turned out to be cocaine base and $40.00.

Trial Court Rule 1925(a) Opinion, 1/4/19, at 2-5 (footnotes[2] and citations to notes of testimony omitted).[3]

On June 21, 2018, the trial court sentenced Appellant to an aggregate term of seven to fifteen years' incarceration. Appellant did not file a post-sentence motion but did file a timely appeal. Both he and the trial court complied with Pa.R.A.P. 1925.

Appellant raised one issue in his Rule 1925(b) statement:

1. The evidence adduced at trial was insufficient as a matter of law to support convictions on the charges of [PWID], conspiracy, and possession of a firearm without a license.

Appellant's Rule 1925(b) Statement at 1.[4]

In his brief filed with this Court, Appellant presents two issues:

---

[2] The omitted footnotes reflected the parties' stipulation that testing of contents of all containers confirmed that the substance in the green containers was cocaine base and the powder was cocaine powder. The parties also stipulated that the handgun was operable and that Appellant was not licensed to carry a firearm.

[3] We have taken the liberty of correcting several misspellings of police officer names in the trial court's opinion.

[4] We remind Appellant's counsel of the requirement to append a copy of the Rule 1925 statement to Appellant's brief. Pa.R.A.P. 2111(a)(11) and (d).

I.   Was the evidence sufficient as a matter of law to convict appellant beyond a reasonable doubt on the charges of [PWID]; conspiracy; possession of a controlled substance, as well as possession of a firearm in violation of Sections 6105, 6106, and 6108 of the Uniform Firearms Act?

II.  Was the jury's verdict against the weight of the evidence?

Appellant's Brief at 4.

It is well-settled that issues not preserved in a party's Rule 1925(b) statement are deemed waived.  **Commonwealth v. Lord**, 719 A.2d 306, 309 (Pa. 1998).   Therefore, Appellant's sufficiency challenges in relation to possession of a controlled substance, carrying a firearm on a public street, and possession of a firearm by a prohibited person are waived and we shall not consider them.   Similarly, Appellant's weight of the evidence claim is waived.[5]

_____

[5] Even if raised in Appellant's Rule 1925(b) statement, his weight of evidence claim would be deemed waived for failure to preserve it in a post-sentence motion or in either a written motion or an oral motion prior to sentencing. **See Commonwealth v. Griffin**, 65 A.3d 932, 938 (Pa. Super. 2013); Pa.R.Crim.P. 607.  Moreover, as phrased in his brief, Appellant contends the trial court erred by denying his motion for acquittal because the verdict was against the weight of the evidence.  Appellant's Brief at 23.  "A motion for judgment of acquittal challenges the **sufficiency** of the evidence to sustain a conviction on a particular charge, and is granted only in cases in which the Commonwealth has failed to carry its burden regarding that charge." **Commonwealth v. Emanual**, 86 A.3d 892, 894 (Pa. Super. 2014) (emphasis added) (citation omitted).  Therefore, Appellant has not presented a proper weight of the evidence claim in any event.

The only sufficiency claims preserved in Appellant's 1925(b) statement relate to PWID, conspiracy, and possession of a firearm without a license. Our standard of review for a sufficiency challenge is as follows:

> When reviewing the sufficiency of the evidence, an appellate court must determine whether the evidence, and all reasonable inferences deducible from that, viewed in the light most favorable to the Commonwealth as verdict winner, are sufficient to establish all of the elements of the offense beyond a reasonable doubt. It [is] incumbent upon the Superior Court to consider all of the evidence introduced at the time of trial, and apparently believed by the fact finder, including the expert's testimony. In applying this standard, [the reviewing court must] bear in mind that: the Commonwealth may sustain its burden by means of wholly circumstantial evidence; the entire trial record should be evaluated and all evidence received considered, whether or not the trial court's ruling thereon were correct; and the trier of fact, while passing upon the credibility of witnesses and the weight of the proof, is free to believe all, part, or none of the evidence.

*Commonwealth v. Ratsamy*, 934 A.2d 1233, 1237 (Pa. 2007) (internal citations and quotations omitted; second alteration in original).

Before considering the merits of Appellant's sufficiency challenges, we acknowledge that his sufficiency issues could be deemed waived for failure to "specify the element or elements of each crime upon which the evidence was insufficient" so this Court "can then analyze the element or elements on appeal." *Commonwealth v. Williams*, 959 A.2d 1252, 1257 (Pa. Super. 2008) (citation omitted). In *Commonwealth v. Roche*, 153 A.3d 1063 (Pa. Super. 2017), this Court considered whether the appellant waived his sufficiency challenges. The Court examined *Williams* and observed that the appellant in that case filed a Rule 1925(b) statement simply averring there

was insufficient evidence to sustain his various convictions. *Roche*, 153 A.3d at 1072. Even in the absence of an objection from the Commonwealth and despite the fact the trial court addressed the issues in its Rule 1925(a) opinion, a finding of waiver was appropriate. Therefore, the Court in *Roche* determined the appellant's issues were waived. *Id.* (citing *Williams*, 959 A.2d at 1257).

Just as in *Roche* and *Williams*, Appellant's Rule 1925(b) statement simply avers the evidence was insufficient to support his convictions. In keeping with those decisions, we could find Appellant's issues waived. However, we are also cognizant that our Supreme Court has determined that review of a sufficiency claim may be appropriate under certain circumstances, despite a vague Rule 1925(b) statement. *See Commonwealth v. Laboy*, 936 A.2d 1058 (Pa. 2007). Characterizing the case as a "relatively straightforward drug case," the Court determined an analysis of appellant's challenges to his drug trafficking and conspiracy convictions was proper, while recognizing that "in more complex criminal matters [] the common pleas court may require a more detailed statement to address the basis for a sufficiency challenge." *Id.* at 1060. In *Laboy*, as in the instant case, "the common pleas court readily apprehended Appellant's claim and addressed it in substantial detail." *Id.* Therefore, guided by *Laboy*, we shall undertake a review of Appellant's preserved sufficiency challenges, despite his failure to identify the element or elements of the crimes that he believes were insufficiently proven.

Again, the sole challenges preserved in Appellant's Rule 1925(b) statement relate to his convictions of PWID, conspiracy, and possession of a firearm without a license.

In **Commonwealth v. Bricker**, 882 A.2d 1008 (Pa. Super. 2005), this Court explained:

> To convict a person of PWID, the Commonwealth must prove beyond a reasonable doubt that the defendant possessed a controlled substance and did so with the intent to deliver it. In determining whether there is sufficient evidence to support a PWID conviction, all facts and circumstances surrounding the possession are relevant, and the Commonwealth may establish the essential elements of the crime wholly by circumstantial evidence. Factors to consider in determining whether the drugs were possessed with the intent to deliver include the particular method of packaging, the form of the drug, and the behavior of the defendant.

**Id.** at 1015 (citations omitted). With respect to conspiracy, the trial court noted:

> [A] person is guilty of conspiracy if, with the intent of promoting or facilitating the commission of a crime, he agrees with another person: (1) that one or more of them will engage in conduct which constitutes such crime; or (2) to aid in the planning or commission of such crime or of an attempt or solicitation to commit such crime. Proof of a formal or explicit agreement is unnecessary to prove the existence of a conspiracy.

Trial Court Rule 1925(a) Opinion, at 6 (citing 18 Pa.C.S.A. § 903 and **Commonwealth v. Garcia**, 847 A.2d 67, 70 (Pa. Super. 2004)). The court then considered Appellant's argument that he should not be convicted of PWID or weapons offenses because the drugs and guns "were not found in his

possession and the Commonwealth failed to prove that he possessed those items constructively." Trial Court Rule 1925(a) Opinion, 1/4/19, at 6.

As this Court explained in **Commonwealth v. Hopkins**, 67 A.3d 817 (Pa. Super. 2013):

> Constructive possession is a legal fiction, a pragmatic construct to deal with the realities of criminal law enforcement. Constructive possession is an inference arising from a set of facts that psession of the contraband was more likely than not. We have defined constructive possession as conscious dominion. We subsequently defined conscious dominion as the power to control the contraband and the intent to exercise that control. To aid application, we have held that constructive possession may be established by the totality of the circumstances.

*Id.* at 820 (quoting **Commonwealth v. Brown**, 48 A.3d 426, 430 (Pa. Super. 2012) (internal quotation marks and citation omitted)). "Additionally, it is possible for two people to have joint constructive possession of an item of contraband." *Id.* at 820-21 (citation omitted).

Based on the evidence presented at trial, the court concluded:

> The evidence, when viewed in the light most favorable to the Commonwealth, clearly established that Appellant and Dagostino conspired to sell drugs and that Appellant constructively possessed the drugs found in the alleyway. The facts show that Appellant twice received money from Dagostino after Dagostino engaged in transactions on a public street involving small objects and U.S. currency. The fact that Dagostino exchanged small items for U.S. currency on a public street was itself sufficient to prove PWID.

Trial Court Rule 1925(a) Opinion, 1/4/19, at 7 (citations omitted). Therefore, because Dagostino shared the proceeds of those sales with Appellant, Appellant was a co-conspirator and was as guilty of selling the drugs as

Dagostino. **Id.** at 8. The court also recounted that Appellant entered the alleyway where the bag containing drugs and the gun were found. When Appellant exited that alleyway, he handed an object that Dagostino put into his shirtsleeve. "Under these circumstances, it was clearly reasonable for the jury to infer that the object Appellant retrieved from the alleyway and gave to Dagostino, who clearly transferred drugs to other persons[,] was taken out of the crack and cocaine filled bag found by Officer Logan in the alleyway." **Id.** It was equally reasonable, the court concluded, for the jury to infer that the money given by Agostino to Appellant represented proceeds from the sales. "Thus, Appellant's relationship with Dagostino both as a supplier of drugs and a repository of the money flowing from those sales was sufficient to prove Appellant guilty of the drug crimes." **Id.** Further, the methods employed in the transactions demonstrated Appellant's dominion and control, *i.e.*, constructive possession, over the bag that contained drugs and the gun. **Id.**

Appellant relies heavily on this Court's decision in **Commonwealth v. Ocasio**, 619 A.2d 352 (Pa. Super. 1993), in support of his claim the Commonwealth failed to establish Appellant had constructive possession of the drugs. **Ocasio** is factually distinguishable. In that case, Ocasio was a resident of a house in which drugs were discovered and was one of six individuals in the house at the time of the search leading to discovery of the drugs. As this Court explained, there was no evidence Ocasio even knew of drug activity in the house and no evidence connecting him to drug

paraphernalia located on the premises. "After carefully examining all the circumstances[,] we find that the Commonwealth has established no more than a mere suspicion that appellant agreed to participate or aid in the drug distribution." *Id.* at 355. By contrast, in the instant case, Appellant received currency from Dagostino that Dagostino exchanged for packets containing drugs. Further, upon Appellant's return from the alleyway where the bag with drugs was located, Appellant handed an object to Dagostino that Dagostino put into his shirtsleeve. In other words, in the instant case, there was evidentiary proof of Appellant's involvement in the transactions, unlike in *Ocasio* where the Commonwealth proved nothing more than mere suspicion of Ocasio's participation.

Based on the evidence and reasonable inferences from that evidence, the trial court determined that the Commonwealth proved Appellant was guilty of PWID and conspiracy beyond a reasonable doubt. Considering "all of the evidence introduced at the time of trial, and apparently believed by the fact finder," *Ratsamy*, 934 A.2d at 1237, we likewise conclude the Commonwealth proved Appellant's guilt of those crimes beyond a reasonable doubt.

With respect to the gun, the above analysis also supports a finding that Appellant constructively possessed the gun retrieved from the bag that also contained the cocaine and cocaine powder. Therefore, based on the evidence and reasonable inferences drawn from that evidence, along with the parties' stipulation that Appellant did not have a license to carry a firearm, *see* Notes

of Testimony, Trial, 2/18/18, at 155, we find the Commonwealth proved beyond a reasonable doubt that Appellant was guilty of possessing a gun without a license.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/31/19